[No. 2686.    May 29, 1923.]

# BOARD OF COM'RS OF BERNALILLO COUNTY v. HUBBELL, COUNTY TAX ASSESSOR

[Rehearing Denied June 28, 1923.]

### (SYLLABUS BY THE COURT.)

(1)    By the provisions of section 4069, Code 1915, every action must be presented and maintained in the name of the real party in interest, except as otherwise provided in the next succeeding section of the Code.                      P. 635.

(2)    Under this rule, the board of county commissioners is not the real party in interest in a suit to compel, by mandamus, the tax assessor to place lands upon the tax rolls at a reduced valuation, where such reduction flows from the action of such board sitting as a board of equalization.    The owners of the lands affected are the proper parties to maintain such a suit.                      P. 636.

(3) Section 1201, Code 1915, empowers the board of county commissioners to generally represent the county in the management of its affairs when no other provision is made by law. This contemplates representing the county against unwarranted injuries or prejudice to its rights and property.
                      P. 636.

Appeal from District Court, Bernalillo County; Hickey, Judge.

Mandamus by the Board of County Commissioners of Bernalillo County against J. Felipe Hubbell, Tax Assessor of Bernalillo County, to compel defendant to comply with its order fixing the value of grazing lands. From a judgment for plaintiff, defendant appeals. Reversed and remanded, with directions.

Harry S. Bowman, Atty. Gen., and A. M. Edwards, Asst. Atty. Gen., for appellant.

Ernesto B. Garcia, Dist. Atty., of Albuquerque, for appellee.

### OPINION OF THE COURT.

BRATTON, J.    The state tax commission fixed the value of grazing lands situated within Bernalillo county, for the taxable year of 1921, at $2.25 per acre. Thereafter the San Mateo Land Company, the Fernan-

dez Company, Mrs. Miramon Sanchez, Gabriel San-
chez, Severo Sanchez, the Mutual Investment & Agency
Company, each of whom owned large tracts of such
lands, situated within said county, appeared before
the board of county commissioners of that county, sit-
ting as a board of equalization, and protested against
such valuation, with the result that said board, by
order duly made, assumed to reduce the value of such
lands belonging to said persons and corporations to
the sum of $1 per acre. The tax assessor of said coun-
ty declined to follow this orded of reduction, and de-
clared his intention and purpose of placing such lands
upon the tax rolls at the original value of $2.25 per
acre, as fixed by the state tax commission, and to ex-
tend the taxes thereon at such value.

Thereupon the board of county commissioners ap-
plied to the district court of said county for a writ
of mandamus to compel said tax assessor to comply
with its order by placing the value of such lands, on
such tax rolls, at $1 per acre, and to extend the taxes
thereon accordingly. An alternative writ issued, to
which the appellant answered presenting numerous de-
fenses. After a hearing, the lower court granted a
peremptory writ of mandamus compelling the tax as-
sessor to comply with the order of reduction so made
by the board of county commissioners.

[1] There are many questions presented by the
assignments of error, one of which will effectively dis-
pose of the case. It is contended that the board of
county commissioners is not a proper party plaintiff,
because it is not the real party in interest, and that
the owners of the lands involved are the proper, and
the only proper, parties to maintain the suit. This
contention seems to be sound. Section 4069, Code
1915, provides that every action shall be presented in
the name of the real party in interest, except as other-
wise provided in the next succeeding section, which is
section 4070, Code 1915. These two sections are in
this language:

"Sec. 4069. Every action shall be presented in the name of the real party in interest, except as otherwise provided in the next succeeding section."

"Sec. 4070. An executor or administrator, a trustee of an express trust, or a person expressly authorized by statute, may sue in his own name without joining with him the person for whose benefit the suit is prosecuted. A trustee of an express trust, within the meaning of this section, shall be construed to include a person with whom or in whose name a contract is made for the benefit of another."

[2] This case falls within none of the exceptions enumerated in section 4070, so that its solution depends upon whether or not the board of county commissioners is the real party in interest. We think it is not. Its interests were in no wise affected by the action of the tax assessor. His action could not in any manner adversely affect such board. His action could only affect the owners of the lands in question. Assuming that the board of county commissioners had the power and authority to reduce the value of such lands, a question which it is unnecessary for us to decide, the refusal of the tax assessor to abide by such order and his intended action in placing them upon the tax rolls at a higher valuation would adversely affect and financially injure the owners of such lands, and not the board of county commissioners. And they would be the only persons who could complain in a court of competent jurisdiction. Their rights were affected, and they alone could be heard to have those injured rights remedied.

[3] Section 1201, Code 1915, empowers the board of county commissioners to generally represent the county in the management of its affairs, where no other provision is made by law. We think this contemplates the management of the affairs of the county in the protection of its rights, and to avoid unwarranted injuries to its interests or property. This is not that kind of a case. The action of the tax assessor here did not injuriously affect the rights or interests of the county, but on the contrary would result in its financial gain. The action of the board of county com-

missioners, in reducing the value of the lands in question, would clearly inure to the county's financial detriment. Hence such board does not have the power under this statute to maintain the suit in question. We know of no general statute, and none has been called to our attention, which gives such board general supervisory control over the conduct of county officers.

For the reasons stated, the cause is reversed and remanded, with direction to discharge the writ; and it is so ordered.

PARKER, C. J., and BOTTS, J., concur.