## CARL ALMQUIST v. CITY OF BIWABIK AND OTHERS.[1]

August 15, 1947.

No. 34,390.

504

*Stone, Manthey & Carey,* for appellant.

*Carl H. Schuster* and *Abbott, MacPherran, Dancer & Montague,* for respondents.

LORING, CHIEF JUSTICE.

This was a suit under the declaratory judgments act to determine the validity of § 7(d) of the home rule charter of the city of Biwabik, which section provides that the city and town of Biwabik shall constitute a single election and assessment district. This suit was brought by a taxpayer and resident voter of the town.[1] Prior to September 29, 1941, the village of Biwabik and the town of Biwabik, in which the village was situated, constituted a single election and assessment district under the general law relating to villages as it then stood. On that date the village became a city by adopting a home rule charter under the provisions of Minn. Const. art. 4, § 36. In the trial court the case was tried on stipulated facts, and no question was raised as to whether the controversy as to the validity of this section fell within the purview of the declaratory judgments act, but on the oral argument a member of this court raised the question, and it has been briefed by both parties. It is conceded by petitioner that in this proceeding a judgment could not

be rendered ousting the elected respondents from their offices, nor does he challenge the existence or incorporation of the city.

■ Because petitioner is a town taxpayer and the town assessor under § 7(d) assesses city property, for which function he is paid by town funds, the petitioner as a taxpayer is affected and prejudiced by the enforcement of the provisions of § 7(d) if invalid. So is he affected by the expenditure of town funds for the expense of including the city within the election district. He is prejudiced by the wrongful diversion of public funds. Nerlien v. Village of Brooten, 94 Minn. 361, 364, 102 N. W. 867, 868; Oehler v. City of St. Paul, 174 Minn. 410, 417, 219 N. W. 760, 763; Crampton v. Zabriskie, 101 U. S. 601, 609, 25 L. ed. 1070. The illegal diversion of funds raised by taxation to which the taxpayer has contributed gives rise to a justiciable controversy which may be determined by a declaratory judgment. 52 Am. Jur., Taxpayers' Actions, § 3, citing Crampton v. Zabriskie, *supra*.

■ The liberal construction of M. S. A. c. 555, required by § 555.12 justifies the court in determining the validity of a provision in a home rule city charter, since such a charter is in effect legislation. The fact that should § 7(d) be found invalid another proceeding might be brought to challenge the tenure of office by the elected respondents does not under the circumstances here presented prevent resort to this form of action, nor does the fact that petitioner sought relief beyond that to which he might be entitled oust resort thereto.

■ It was rightly conceded on the argument that if prior to its organization as a city the village had been severed from the town as an election and assessment district it could not, by provisions in the home rule charter, have constituted the town and city a single election and assessment district. The city rests its case solely upon the fact that prior to its organization as a city the village and town constituted a single election and assessment district and that upon the adoption of a home rule city charter it might continue the *status quo* in that regard by § 7(d), there being no specific negation of that right in § 36.

When the citizens of the village elected to become a city under § 36, they did so under the provision of that section that their charter should "supersede any existing charter and amendments thereof." The adoption of the charter wiped out, as to the city, all previous provisions of law which constituted the village charter. The city could only exercise the powers conferred upon it by § 36. In the process of emerging from its status as a village and becoming a city, it stripped itself of its powers as a village and assumed only those which as a city it might assume within the scope of § 36. As a city, the former village must look to § 36 for the boundaries within which it may exercise those powers. As a city, it had no express grant of extraterritorial power to extend its election or assessment district beyond its boundaries, which boundaries it had no power to change. In City of Duluth v. Orr, 115 Minn. 267, 270, 132 N. W. 265, 266, this court said:

"An express grant by the legislature to a municipality of extraterritorial dominion rests on a very different basis. The right given to the people within prescribed territorial limits to adopt a complete municipal code does not warrant the assumption by them of power over territory and people beyond those limits, even though the control of such territory and people would be convenient and gratifying to the people within the city. The practical difficulties involved in the assumption by cities of such power are apparent. Innumerable conflicts in authority would inevitably follow. Such a result is not reasonably within the purview of the constitutional amendment. The ordinance, with the violation of which the defendant was charged, is, as to territory beyond the city limits, invalid."

The attempt by § 7(d) to continue participation in town affairs, both as to elections and assessments, was beyond the powers conferred upon cities by § 36 and the legislation which it authorizes, because all municipal functions conferred by § 36 must be exercised within the city boundaries except as otherwise conferred by general legislation. City of Duluth v. Orr, *supra*. The legislation permitted to citizens by the adoption of a home rule charter must fall entirely within the scope of § 36. 'Beyond that the charter may not

legislate. The fact that there is no specific prohibition of participation in town affairs is of no consequence. There is no authority for such participation, and that is determinative. The city is given no authority by § 36 to legislate as to matters outside the municipality in the guise of "municipal concern." Oehler v. City of St. Paul, 174 Minn. 410, 219 N. W. 760. The city must look to what was granted to it specifically or by proper implication. That some power is not specifically denied is not enough to authorize it by implication. As a village, Biwabik looked to a statute for specific authority for its participation in town affairs. That statute became in effect part of the village charter, which was wiped out and superseded by the adoption of a home rule charter. Home rule charters are but a constitutional diversion of legislative power from the constitutional legislature to the citizens of the charter-making area, and their powers of legislation must necessarily be circumscribed by the provisions of the constitution under which they act. The whole plan of home rule charters as set up by the adoption of § 36 is an exception carved out of the powers which, under the constitutional division of powers, was conferred exclusively upon the legislature as an independent branch of the government.

We therefore declare § 7(d) of the charter of the city of Biwabik invalid and of no effect.

Judgment reversed.

PETERSON, JUSTICE (dissenting).

I dissent.