LIEN et al., Respondents, v. NORTHWESTERN ENGINEERING COMPANY et al., Appellants

(54 N. W.2d 472)

(File No. 9240.  Opinion filed July 30, 1952)

**Bellamy, Eastman & Christol,** Rapid City, for Respondents.

**Benj. D. Mintener,** Asst. Atty. Gen., of South Dakota for all Appellants excepting Northwestern Engineering Co.

**Hanley, Leedom & Driscoll,** Rapid City, for the Appellant, Northwestern Engineering Co.

SEACAT, Circuit Judge. This is a suit in equity against the defendants instituted by the plaintiffs as resident citizens and taxpayers of the state of South Dakota, in their own behalf and in behalf of all others similarly situated, to cancel as illegal and void a certain purported easement granted by the South Dakota State Cement Commission to the defendant, Northwestern Engineering Company, a private corporation, over the state property of the cement plant, and to enjoin and restrain the said Northwestern Engineering Company from entering on or in any way using or attempt-

ing to use said purported right-of-way. From a judgment for the plaintiffs the defendants have appealed.

The salient facts as disclosed by the record and which gave rise to this suit are briefly as follows:

On November 8, 1949, and prior thereto, the state of South Dakota, in its governmental and sovereign power, was and still is the owner of certain real estate situated in Pennington County, South Dakota, described as the north half of the southwest quarter of section 34, township 2 north, range 7, east, B.H.M., on which real estate is located the South Dakota State Cement Plant; and that on said date the South Dakota State Cement Commission was in charge and control of said property in the manufacture and sale of the plant's cement products, under the authority contained in Sections 10 and 11 of Article XIII of the State Constitution, and Chapter 55.33 of the South Dakota Code of 1939, and acts amendatory or supplementary thereto; that on or about November 8, 1949, the South Dakota State Cement Commission executed and delivered to the defendant, Northwestern Engineering Company, the following grant with respect to the real estate of the state cement plant property:

"Easement

"Indenture made this 8th day of November, 1949, between the South Dakota State Cement Commission, hereinafter referred to as the Grantor, and the Northwestern Engineering Company, hereinafter referred to as the Grantee;

"Whereas, the grantor is the owner of the North half of the Southwest quarter of section thirty-four (34), Township Two (2) North, Range Seven (7) East, B.H.M., and

"Whereas, the grantee is desirous of a right-of-way across said land for the purpose of constructing a railroad,

"Now, therefore, in consideration of one dollar and other good and valuable consideration, the Grantor hereby grants to Grantee, its heirs and assigns, an easement right-of-way as shown on a certain plat filed with the Register of Deeds of Pennington County, South Dakota, in Book 2 of Plats, at page 238.

"If at any time Grantee herein abandons use of said right-of-way as a railroad and for railroad purposes, the

right, title and interest of the said Grantee under this instrument shall revert to the Grantor, its successors and assigns."

That the sole purpose and intent of the defendant, Northwestern Engineering Company, in acquiring said right-of-way was to construct a railroad thereon connecting a rock quarry operated by its affiliate with the main line of the Chicago and North Western Railway Company to haul the products to the quarry by rail, and that the Northwestern Engineering Company had entered upon the property of the state and had begun the construction of a railroad by excavating or otherwise constructing the roadbed, and that the right-of-way granted by the South Dakota State Cement Commission to the defendant, Northwestern Engineering Company, runs diagonally across the property, comprising 2.5 acres, and intersects the main road over the property of the cement plant to the south, leaving 8.25 acres of the state property between the south boundary line of the proposed right-of-way and the south boundary line of the state cement property; and that the defendant, Northwestern Engineering Company, threatens to continue the construction of a railroad on the land granted and maintain it indefinitely unless restrained.

It is the contention of all the defendants that even though the grant of the right-of-way by the South Dakota State Cement Commission exceeded their authority, the respondents cannot maintain this action because they neither allege nor prove substantial detriment or damage.

■■ It is now the settled law of this state that a taxpayer or elector having no special interest may institute an action to protect a public right. State ex rel. Adkins v. Lien, 9 S. D. 297, 68 N.W. 748; State ex rel. Schilling v. Menzie, 17 S. D. 535, 97 N.W. 745; Weatherer v. Herron, 25 S. D. 208, 126 N.W. 244; White Eagle Oil & Refining Co. v. Gunderson, 48 S. D. 608, 205 N.W. 614, 43 A.L.R. 397; Haines v. City of Rapid City, 59 S. D. 58, 238 N.W. 145; State ex rel. Bryant v. Dolan, 61 S. D. 530, 249 N.W. 923; State ex rel. Jensen v. Kelly, State Auditor, 65 S. D. 345, 274 N.W. 319; Security State Bank v. Breen, 65 S. D. 640, 277 N.W. 497; Danforth v. City of Yankton, 71 S. D. 406 and 416, 25 N.W. 2d 50.

■ It is next urged by the appellants that a prerequisite to respondents' cause of action was a demand on and a refusal by the attorney general to bring the suit. There is no merit to this contention, as the attorney general has appeared in this action on behalf of all the defendants except the Northwestern Engineering Company, and by separate answer admits the execution of the so-called easement, but affirmatively alleges the same to be valid, and asks for a denial of plaintiffs' relief. White Eagle Oil & Refining Co. v. Gunderson, 48 S. D. 608, 205 N.W. 614, 43 A.L.R. 397; State ex rel. Jensen v. Kelly, State auditor, 65 S.D. 345, 274 N.W. 319.

In order to determine whether this is a proper case for the intervention of a court of equity by way of injunction to protect a public interest, it is necessary to examine this grant to determine what right or interest the appellant, Northwestern Engineering Company, obtained from the South Dakota State Cement Commission to this state cement property. Is it a grant running with the land and constituting an irrevocable servitude or other irrevocable interests in the land?

It must be borne in mind that this property belongs to the state of South Dakota and not to the South Dakota State Cement Commission.

■ The word "grant" in this instrument means convey. The contract contains all the elements of an irrevocable servitude on the land in favor of the defendant, Northwestern Engineering Company, for the purpose of constructing and maintaining a permanent railroad spur across the land of the state for the purpose of the development and exploitation of the Northwestern Engineering Company's rock quarry.

It was the plain intention of the parties that the defendant, Northwestern Engineering Company, could construct on the state land a permanent railroad tract, a valuable, costly improvement, with the intention and understanding, as expressed in the instrument, that this railroad was to remain on the state property indefinitely so long as it was used as a railroad. Such a grant implies a contract on the part of the state, which is the owner of the property in its sov-

ereign and governmental capacity, not to reassert any right to the property in conflict to the servitude granted.

It follows from a plain reading of the instrument that if the South Dakota State Cement Commission had power and authority to execute to the defendant, Northwestern Engineering Company, such a grant, they had conveyed the interest of the state in the property to such an extent that the Northwestern Engineering Company and its assigns could protect their right to maintain this railroad in the courts of this state so long as it was used as a railroad; and if it should come to pass that the land thus granted or conveyed should be needed, either separately, or in connection with the other portion of the land of the state cement plant, including the 8.25 acres lying south of this so-called right-of-way, it would be necessary for the state either to purchase it back from the appellant, or its assigns, at a figure for which the appellant, Northwestern Engineering Company, would agree to sell, or to condemn it, and thereby be required to pay the reasonable value of this railroad right-of-way and the improvements thereon, which might amount to many thousands of dollars, at the expense of the state treasury.

The appellants contend that the defendant, South Dakota State Cement Commission, had authority to execute the grant, under Section 55.3306 of the South Dakota Code of 1939, as amended by Chapter 220, Session Laws of 1949. With this contention we do not agree.

The State Cement Commission is not the owner of the property, as stated in the so-called easement contract. The real estate of the cement plant is held by the state in its sovereign capacity, and the State Cement Commission is in charge of the state property for the sole purpose of operating the state cement plant located thereon, and to sell the plant's products.

Section 55.3306, as amended by Chapter 220, Session Laws of 1949, provides:

"55.3306 Operation of plant: powers of Commission. The State Cement Commission is hereby empowered and authorized to operate the South Dakota State Cement Plant located at Rapid City,

South Dakota, to sell the products produced at said Plant, to fix the price of such products and to determine the manner and methods of the terms under which such products shall be sold, to advertise such products to the public in such manner as the Commission shall deem proper, and to do all things in the operation of such Plant and the sale of its products as the Commission may deem necessary or expedient to the successful operation of said Plant."

Under no circumstances could this provision of the statute be construed to authorize the granting by the State Cement Commission to this private corporation an irrevocable right to construct a railroad spur across the state land for the private use and purpose of said defendant, a railroad spur in no manner used or to be used by the Commission in the manufacture or sale of the products of the plant. On the contrary, the proposed railroad spur cuts off 8.25 acres of the state property from the other land, creates a traffic hazard on the main road to the plant, and is otherwise detrimental to the state.

It is also urged by the appellants that Section 52.0823 of the South Dakota Code of 1939 should be construed as empowering the State Cement Commission to grant the easement involved in this action.

This section, which is part of Chapter 52.08 of Title 52, relative to public utilities, provides:

"52.0823 Public grounds and streets: right of way on; procedure. If it shall be necessary, in the location of any part of any railroad, to occupy any road, street, alley, or public way, or ground of any kind, or any part thereof, it shall be competent for the municipal or other corporation, or public officer or public authorities owning or having charge thereof, and the railroad corporation, to agree upon the manner and upon the terms and conditions upon which the same may be used or occupied; and if such parties shall be unable to agree thereon and it shall be necessary, in the judgment of the directors of such railroad corporation, to use or occupy such road, street, alley, or other public way or ground,

such corporation may appropriate so much of the same as may be necessary for the purposes of such road, in the same manner and upon the same terms as provided in this chapter for the appropriation of the property of individuals."

This section does not confer, and cannot be construed as conferring, on the State Cement Commission power to grant to a private individual or a private corporation an irrevocable right to construct a railroad spur over and across the state land of the cement plant for the private purpose of the grantee, and in no manner connected with the operation of the cement plant.

We are not unmindful of the passage by the 1951 legislature of Chapter 303 relative to right-of-way across state cement plant land, but no claim is made by the appellants that this enactment in any way affects the validity of the easement contract in this action, and we therefore find it unnecessary to consider the same.

It is claimed by the appellant, Northwestern Engineering Company, that they assisted the State Cement Commission in obtaining some land from Sunset Homes, Inc., for the purpose of enlarging and improving the plant, and paid Sunset Homes, Inc., for the benefit of the cement plant the sum of $3750 as part of the purchase price of the land acquired. However, the consideration for this so-called easement is immaterial if the State Cement Commission was without authority to grant the easement involved.

Private persons and corporations who deal with public officials are charged with knowledge of the extent of their authority, and contracts made with public officials relative to public property are at the risk of the private individual or private corporation. Meek v. Meade County, 12 S. D. 162, 80 N.W. 182; 43 Am.Jur. 73, Public Officers, § 256.

The State Cement Commission having no authority to enter into or grant the easement contract involved in this action, the contract is void, and the judgment of the trial court holding the same illegal and cancelling it of record and enjoining the defendants from further proceeding thereunder is affirmed.

SEACAT, Circuit Judge, sitting for LEEDOM, J., disqualified.

All the Judges concur.