## ROBERT SERMON AND ANOTHER v. CITY OF DULUTH.

97 N. W. (2d) 464.

June 19, 1959—No. 37,615.

*Lewis, Hammer, Heaney, Weyl & Halverson,* for appellants.
*Harry E. Weinberg,* City Attorney, for respondent.

THOMAS GALLAGHER, JUSTICE.

Appeal by Robert Sermon and Floyd Adams, taxpayers and residents of the city of Duluth, from a declaratory judgment of the District Court of St. Louis County upholding the validity of Duluth Ordi-

nance No. 7069, passed on November 19, 1956. The grounds for the appeal are that the judgment is not sustained by the evidence and is contrary to law.

On March 20, 1956, the voters of the city of Duluth approved an amended city charter, which became effective June 11, 1956, and which substituted a "mayor-council" form of city government for a "commission" form of city government and revised the civil service provisions of the previous charter. The latter had provided that (1938 Charter of City of Duluth, § 36):

"The [Civil Service] Board, with the approval of the council, shall * * * provide for the classification of all employes, except day laborers and the officers appointed by the council mentioned in Section 21 * * * the managers and heads of departments and sub-divisions created by the council, * * *."

Section 36 of the amended charter now provides that:

"The [Civil Service] Board, with the approval of the Council, shall * * * provide for the classification of all employees, except day laborers and the officers mentioned in Chapter IV (Sections 18 through 34, inclusive) of this charter, * * *."

Sections 18 through 34 of the new charter mention only the following officers: The mayor, administrative assistant, clerk, auditor, treasurer, assessor, the city attorney and his staff, and the department heads. Section 20 provides that the administration of the city shall be distributed among no more than *nine* departments to be designated by ordinance.

Ordinance No. 7069 here challenged provides for seven departments and incorporates by reference a reorganization plan which provides that:

"* * * By Charter provision department heads will be appointed by the administrative assistant with approval of the Mayor and the Council, *and division heads will be appointed by the department heads with approval of the administrative assistant. Neither department or division heads will be subject to Civil Service.*" (Italics supplied.)

Pursuant to this ordinance, the positions of "Staff Research Assist-

ant" and "Staff City Planning Assistant" have been created not subject to civil service provisions. The parties stipulated and the trial court found:

"* * * it is the intention of the Department Heads of the City of Duluth to appoint the Division Heads referred to in said Reorganization Plan * * * without regard to Civil Service * * * except that a person now holding a position in the classified service of the City shall not lose whatever Civil Service status he had by the mere acceptance of and entering upon the duties of an acting Division Head; * * *.

" 'That the wages and salaries of Division Heads, and Staff Research Assistant, and Staff City Planning Assistant, will be paid out of public money which is largely created and maintained by general taxation of property within the City of Duluth.' "

In the present proceeding plaintiffs seek a declaratory judgment that Ordinance No. 7069 is contrary to the amended charter in so far as it provides that the positions of "Division Heads," "Staff Research Assistant," and "Staff City Planning Assistant" shall not be subject to civil service provisions.

■ The contentions of the city of Duluth that plaintiffs did not have capacity to bring this action; and that the district court lacked jurisdiction to determine the issues presented in an action for declaratory judgment such as this are without merit. Plaintiffs instituted the action as taxpayers, for themselves and "in behalf of all other taxpayers of the City of Duluth * * *." We have held that: "Taxpayers have a real and definite interest in preventing an illegal expenditure of tax money by a municipality." Arens v. Village of Rogers, 240 Minn. 386, 392, 61 N. W. (2d) 508, 514, appeal dismissed, 347 U. S. 949, 74 S. Ct. 680, 98 L. ed. 1096. Likewise, we have held that: "The illegal diversion of funds raised by taxation to which the taxpayer has contributed gives rise to a justiciable controversy which may be determined by a declaratory judgment." Almquist v. City of Biwabik, 224 Minn. 503, 505, 28 N. W. (2d) 744, 745. Based upon these decisions, it is clear that the plaintiffs are proper parties to the action and that the district court had jurisdiction to determine the controversy by declaratory judgment.

■ It is elementary that Ordinance No. 7069, providing for the appointment of *division heads* without regard to civil service and purporting to authorize the creation of other positions outside of civil service, is valid only if it can be said to comply with the provisions of the amended city charter adopted March 20, 1956. "The authority to enact ordinances must affirmatively appear in the charter. * * * The power conferred upon municipalities by their charters to enact ordinances on specified subjects is to be construed strictly, * * *." 13 Dunnell, Dig. (3 ed.) § 6763. Here § 36 of the amended charter, set forth above, expressly provides that *all* employees of the city shall be subject to civil service except (in so far as is here relevant) the mayor, administrative assistant, clerk, auditor, treasurer, assessor, city attorney and staff, and department heads. Neither "Division Heads," "Staff Research Assistant," or "Staff City Planning Assistant" are excepted from this specific provision.

■ It is also noteworthy that although the original charter exempted from civil service the "officers appointed by the council mentioned in Section 21 * * *, the managers and heads of departments and subdivisions created by the council," the amended charter exempts only "the officers mentioned in Chapter IV (Sections 18 through 34, inclusive)" which are those indicated in the preceding paragraph. The deletion of the positions of *manager* and *subdivision heads* from offices exempt from civil service in the amended charter manifests the clear intent of its framers that such positions should be subject to civil service. As stated in Sterling Elec. Co. v. Kent, 233 Minn. 31, 34, 45 N. W. (2d) 709, 711: "In re-enacting a statute, intention to change meaning may as clearly appear from the omission of old as by adding new language."

It must follow that the portion of Ordinance No. 7069 which authorizes appointment, without regard to civil service, to any office other than those specifically exempted from civil service by the amended charter is contrary to such charter and void.

■ Respondent further contends that since § 18 of the amended charter provides that "All executive and administrative powers of the City shall be vested in and exercised by the Mayor, the Administrative Assistant and *such other officers as may be established by or*

*pursuant to the provisions of this charter*" (italics supplied), it may be assumed that the creation of other officers outside of civil service is contemplated and authorized thereby. With this we do not agree. We cannot construe this language referred to as a grant of power to create additional non-civil-service offices. Rather, it seems that it refers to the offices described in §§ 18 through 34 of the amended charter which, it may be recalled, are specifically exempted from civil service.

■ Respondent likewise asserts that § 21 of the amended charter, which provides that "The head of each department shall, with the approval of the Administrative Assistant, have the power to appoint and remove all officers and employees of the department *subject to the Civil Service provisions of this charter*" (italics supplied), vests authority in the city council to create other offices outside the civil service regulations. Again we must disagree with respondent's contention. To us it appears that the language of this section specifically binds the head of each department to appoint and remove officers and employees of the various departments with the approval of the administrative assistant, but strictly under and in accordance with civil service provisions of the amended charter. To hold otherwise could only mean that there is no limitation on the number of non-civil-service positions which may be created and filled at the pleasure of the various department heads. Such a construction would render completely ineffective § 36 of the amended charter, which limits the number of non-civil-service employees.

The charter as amended was intended to insure the conduct of municipal business through employees governed by civil service regulations, and to give the construction sought by respondent would completely nullify the safeguards sought and gained thereby. It is our opinion that, in so far as Ordinance No. 7069 directs that *Division Heads, Staff Research Assistant,* and *Staff City Planning Assistant* shall not be subject to the civil service provisions of the amended charter, it is contrary thereto and invalid.

The judgment is reversed and the case remanded with directions that judgment be entered consistent with this opinion.