342 P.2d 1086

Ray KUHN, Simon Seligman, Carl Macaluso, Joe Gonzales, Moises Dauber, John F. Elwell, Joseph I. Salinas, Filberto Montano and Leo John Reynaud, Individually and as representatives of others of their Class, Plaintiffs-Appellants,

v.

John BURROUGHS, Governor of the State of New Mexico; E. S. Walker, Commissioner of the New Mexico Bureau of Revenue; and Carl Folkner, duly appointed and acting director of the School Tax Division of New Mexico Bureau of Revenue, Defendants-Appellees.

No. 6526.

Supreme Court of New Mexico.

Aug. 14, 1959.

Schall & Sceresse, Albuquerque, for appellants.

Frank B. Zinn, Atty. Gen., for appellees.

Clay Buchanan, Richard H. Robinson, John W. Chapman, Santa Fe, for Bureau of Revenue.

McGHEE, Justice.

The plaintiffs and appellants are employed by the City of Albuquerque as firemen, and are also residents and taxpayers of that city.

The defendants are John Burroughs, Governor of the State of New Mexico; E. S. Walker, Commissioner of the New Mexico Bureau of Revenue; and Carl Folkner, Director of the School Tax Division of the New Mexico Bureau of Revenue who have been substituted for former Governor Mechem, the former Commissioner of Revenue and the former Director of the School Tax Division.

The legislature of New Mexico enacted a statute (14–42–29, 30, 31, 1953 N.M.S.A.) under which the City of Albuquerque has imposed a sales tax, which, as provided for in the statute, is being collected by the Bureau of Revenue. The statute, in reference to this collection, authorizes an amount not exceeding five per cent of the total amount collected to be used for costs of administration and enforcement. A subsequent section directed the commissioner to remit the total tax collected, less administration costs, not later than the 20th day of the month.

The plaintiffs allege that the Bureau of Revenue is deducting a full five per cent of the total sales tax collected without regard to the actual cost of administration which they further allege is far less than the five per cent. The five per cent deduction we may here state was early this year reduced to three per cent.

Plaintiffs base their claim of real and substantial interest in the amount deducted on their status as taxpayers and residents of Albuquerque and on their showing that as firemen employed by the City of Albuquerque they were awarded a pay raise contingent on the availability of funds to achieve that raise.

Plaintiffs sought a declaratory judgment construing the above mentioned statute and an accounting as to the administrative cost

involved in the collection of the tax from the time collections were first begun, and an injunction enjoining defendants and their successors from a continuation of the practice complained of.

The trial court granted defendants' motion to dismiss the complaint on the ground that the action was one against the state and that it had not consented to be sued.

Plaintiffs have appealed admitting that their action involves a suit against the state but denying that consent by the state is needed before this action will lie.

Before applying ourselves to this issue we must first resolve the question of appellants' standing to sue the state. This is a jurisdictional question which was raised below but not passed upon there. It has, however, been briefed by the parties.

█ In order to bring an action the plaintiffs must have an interest in the subject matter of the suit which gives them standing to sue. The plaintiffs here base their suit against the state and several of its officers on their claimed interest and standing as taxpayers. They cite numerous cases holding that a taxpayer has standing to sue the state to protect a public right or interest. Lien v. Northwestern Engineering Co., 1952, 74 S.D. 476, 54 N.W.2d 472; Tompkins v. District Boundary Board,

1947, 180 Or. 339, 177 P.2d 416; Fugua v. Davidson County, 1950, 189 Tenn. 645, 227 S.W.2d 12; Arens v. Village of Rogers, 1953, 240 Minn. 386, 61 N.W.2d 508; Almquist v. City of Biwabik, 1947, 224 Minn. 503, 28 N.W.2d 744.

An examination of these cases discloses that all concern suits on the city and county level and therefore do not support appellants' position here nor would they carry the day for appellants if they did.

The New Mexico rule concerning taxpayer suits against the state was laid down in Asplund v. Hannett, 1926, 31 N.M. 641, 249 P. 1074, 58 A.L.R. 573. We there held that a taxpayer does not have a sufficient interest or standing to bring a suit against the state.

█ Thus we hold that appellants cannot maintain their suit against the state because they lack standing to sue.

We need not consider appellants' other contentions and the decision of the trial court is affirmed.

It is so ordered.

COMPTON and MOISE, JJ., concur.

LUJAN, C. J., and CARMODY, J., not participating.