[Civ. No. 572. Third Appellate District.—May 6, 1909.]

In the Matter of the Estate of JAMES E. DAMON, Deceased. AMELIA S. DAMON, Executrix, etc., Appellant, v. JOHN E. McDOUGALD, City and County Treasurer, etc., Respondent.

ESTATES OF DECEASED PERSONS—INHERITANCE TAXATION—WIDOW—DISCRIMINATION UNDER FOURTEENTH AMENDMENT NOT INVOLVED.— Upon appeal from an order of the superior court directing a widow, as sole devisee of her deceased husband, to pay the "inheritance tax," under the act approved March 20, 1905, the contention that such tax makes an unjust discrimination between citizens of this state

and citizens of other states, in violation of the fourteenth amend-
ment to the federal constitution, is not involved, when it cannot be
determined that the appellant is an aggrieved party. It is only
when a nonresident of the state assails the validity of the law on
that ground that such question will be decided.

ID.—VALIDITY·OF INHERITANCE TAX UPHELD.—The validity of the in-
heritance tax in question has been repeatedly upheld by the supreme
court of this state, which has settled the constitutionality of the
act of 1905.

APPEAL from an order of the Superior Court of the City
and County of San Francisco directing the widow of the
decedent to pay an inheritance tax. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

J. C. Bates, for Appellant.

Hartley F. Peart, for Respondent.

BURNETT, J.—The appeal is from an order of the supe-
rior court of the city and county of San Francisco directing
the widow, sole devisee under the will of said James E.
Damon, deceased, to pay $1172, "inheritance tax," under the
act of the legislature approved March 20, 1905.

Appellant's only contention seems to be that said law is
repugnant to the constitution of the state and especially to
the fourteenth amendment of the constitution of the United
States. The argument is based principally upon the theory
that there is a discrimination between the citizens of this state
and those of other states, but it would be a sufficient answer to
say that it does not appear to which class appellant belongs
and hence—granting such discrimination—it cannot be de-
termined that appellant is an aggrieved party. What was
said in *Estate of Johnson*, 139 Cal. 534, [96 Am. St. Rep. 161,
73 Pac. 425], might well, therefore, be invoked: "A court
will not decide a constitutional question unless such con-
struction is absolutely necessary; and in the Mahoney case,
since the appellants were aliens and claimed no protective
rights as citizens, no constitutional question was involved.
It would have been sufficient in disposing of their appeal to
have said, as was said by the federal court in the case last
cited: 'When a nonresident of the state assails the constitution-

ality of a statute upon the ground that it denies to him the privilege granted to the citizens of this state, it will be time enough to consider the constitutional question suggested. Courts will not listen to those who are not aggrieved by an invalid law.' As the Supreme Court of the United States has said in *Chicago Ry. Co.* v. *Wellman,* 143 U. S. 339, [12 Sup. Ct. 400] : 'But exercise of the power to declare the statute unconstitutional and void is the ultimate and supreme function of courts. It is legitimate only in the last resort and as a necessity in the determination of a real, earnest and vital controversy between individuals.' "

But again, appellant admits that "the validity of said law has been upheld by several decisions of the Supreme Court," and therefore she hardly expects "the court to go back of their own rulings." With less reason, of course, could she expect us to overrule those decisions.

All the questions, indeed, discussed by counsel have been settled adversely to appellant's contention in the following cases: *Estate of Wilmerding,* 117 Cal. 281, [49 Pac. 181]; *Estate of Stanford,* 126 Cal. 112, [54 Pac. 259, 58 Pac. 462], and *Estate of Martin,* 153 Cal. 225, [94 Pac. 1053].

The order is affirmed.

Chipman, P. J., and Hart, J., concurred.