Nantucket Boat Inc. *v.* Woods Hole, Martha's Vineyd. & Nantucket S.S. Authy.

213 Mass. 199, 201. These equitable proceedings are not to be rendered futile by satisfying minimal constitutional guarantees. The attempted sale has not been completed. No deed to MacLean has been recorded. The record title continues to be in the town. The property is held subject to the plaintiff's right to redeem. In equity and good conscience she should be allowed to exercise that right.

General Laws c. 60, § 80A, recognizes that proceedings may be brought to enjoin a sale, and that the right to redeem is not barred before the recording of the deed.

As the title to the land is in the town, a motion to amend the bill by adding the town as a party defendant is to be allowed in the Superior Court. Thereafter a final decree is to enter declaring that the plaintiff is entitled to redeem and ordering the town to convey the property to the plaintiff by quitclaim deed upon payment of all unpaid taxes and proper charges including interest. The plaintiff is to have costs of suit, including costs of appeal.

*So ordered.*

---

NANTUCKET BOAT INC. *vs.* WOODS HOLE, MARTHA'S
VINEYARD AND NANTUCKET STEAMSHIP
AUTHORITY & others.

Barnstable. February 6, 1963. — March 4, 1963.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & REARDON, JJ.

*Equity Jurisdiction,* Declaratory relief. *Equity Pleading and Practice,* Demurrer, Declaratory proceeding.

The question of the standing of the plaintiff in a suit for declaratory relief to seek such relief may be raised by demurrer to the bill. [553]

A corporation furnishing water transportation between Hyannis and the island of Nantucket did not show by its bill that it had standing to maintain a suit in equity against the Woods Hole, Martha's Vineyard and Nantucket Steamship Authority and others for declaratory relief respecting the validity of a proposed licensing by the Authority under St. 1960, c. 701, §§ 4 (e), 5, of operation of a vessel between Hyannis

and Nantucket by one of the defendants, where the bill in effect alleged no more as to the interest of the plaintiff than that it would be adversely affected by competition through such licensed operation. [553–554]

BILL IN EQUITY filed in the Superior Court on April 11, 1962.

The plaintiff appealed from interlocutory decrees by *DeSaulnier, J.*, sustaining demurrers to the bill and from a final decree by *Fairhurst, J.*, dismissing the bill.

*Daniel J. Fern,* for the plaintiff, submitted a brief.

*Roger F. Turner* for Nantucket Express Lines, Inc. & another.

*Laurence S. Fordham* for Woods Hole, Martha's Vineyard and Nantucket Steamship Authority.

CUTTER, J.   This bill in equity seeks declaratory and injunctive relief against the authority, Nantucket Express Lines, Inc., and Island Steamship Lines, Inc.   The authority exists under St. 1960, c. 701,[1] to provide transportation between Falmouth (Woods Hole) and the islands, Martha's Vineyard and Nantucket.   Since 1946, the plaintiff (Boat Inc.) has furnished water transportation between Hyannis and Nantucket by vessels of less than 100 gross tons.   The bill alleges that, "provided a payment of at least" $10,000 is made (presumably to the authority), the authority intends to license the "Martha's Vineyard," a vessel of more than 100 gross tons owned by Island Steamship Lines, Inc., to be operated by Nantucket Express Lines, Inc., between Hyannis and Nantucket, and that such operation "would improperly and unlawfully compete with the operations and business of" Boat Inc.   The bill further avers (a) that "the proposed operation . . . is not necessary or desirable to serve the purposes" of the 1960 statute, (b) that the statute contains "no sufficient declaration of policy, standards or limitations to be followed by . . . [the] authority in giving such written license," (c) that §§ 4 and 5[2] of the statute

---

[1] The provisions of the 1960 act and the history of the authority were considered in detail in *Barnstable* v. *Woods Hole, Martha's Vineyard & Nantucket S.S. Authy.* 343 Mass. 674.

[2] Two provisions of the 1960 act must be considered.   Section 4 gives the authority power "(e) . . . to contract *by license* . . . or other arrangement for the provision of excursion service by other persons to and from the islands

illegally delegate a legislative function to the authority in violation of art. 30 of the Declaration of Rights, (d) that the proposed action denies Boat Inc. the equal protection of the laws, and (e) that the "proposed operation . . . would result in loss . . . to" Boat Inc.[3]

Each defendant filed a demurrer on the ground, among others, that the bill does not set forth facts justifying equitable relief to Boat Inc. Boat Inc. appealed from interlocutory decrees sustaining each demurrer and from a final decree dismissing the bill.

1. Whether a plaintiff has standing to seek declaratory relief may be raised by demurrer.[4] *Burnes* v. *Metropolitan Dist. Commn.* 325 Mass. 731, 735. *Povey* v. *School Comm. of Medford,* 333 Mass. 70, 71–73. See *Cabot* v. *Assessors of Boston,* 335 Mass. 53, 57–58; *Stow* v. *Commissioner of Corps. & Taxn.* 336 Mass. 337, 339–340.

2. Boat Inc. has not alleged that it has any special standing given to it by statute (see *Massachusetts Soc. of Optometrists* v. *Waddick,* 340 Mass. 581, 583–585) to proceed against the defendants or any special or exclusive franchise or license to operate boats between Hyannis and Nantucket (cf. *A. B. & C. Motor Transp. Co. Inc.* v. *Department of Pub. Util.* 327 Mass. 550, 551–552, *S. C.* 329 Mass. 719; cf. also *Retail Stores Delivery, Inc.* v. *Department of Pub. Util.* 339 Mass. 441, 450–451) or that otherwise it has special stand-

---

of Martha's Vineyard and Nantucket from *any point* on the mainland of the commonwealth, when it shall *be deemed necessary or desirable to serve the purposes of this act*" (emphasis supplied). Section 5, dealing with the authority's bonded debt, states, among other things, "Except as provided in this act no person shall operate a vessel of more than one hundred gross tons for the carriage of passengers, vehicles or freight for hire by water between the mainland of the commonwealth and . . . Martha's Vineyard or . . . Nantucket . . . unless licensed . . . so to do by the Authority. The superior court shall have jurisdiction, on a petition in equity by the Authority, to enjoin any such operation."

3 The Attorney General has been given notice pursuant to G. L. c. 231A, § 8, last sentence.

4 Of course, if a bill states a case for declaratory relief to the plaintiff, a demurrer on the ground of want of equity cannot be sustained. *Price* v. *Price,* 341 Mass. 390, 394. In such a case, a declaration of the rights of the parties should be made. It is not proper to dismiss the bill, even if the declaration must be adverse to the interests and contentions of the plaintiff. See *Vasilakis* v. *Haverhill,* 339 Mass. 97, 101; *Miller* v. *Campello Coöp. Bank,* 344 Mass. 76, 78.

ing to protect some property or privilege owned by it. Cf. *Bay State Harness Horse Racing & Breeding Assn. Inc.* v. *State Racing Commn.* 342 Mass. 694, 701–703 (standing of one of several competitors for a mutually exclusive privilege or license). Boat Inc. in effect asserts merely that it will be subjected to business competition by or authorized by a State instrumentality and thus exposed to loss. Apart from special circumstances not here alleged, one injured by such competition has no standing to maintain a proceeding of this general character. See *Colantuoni* v. *Selectmen of Belmont,* 326 Mass. 778, 779; *Springfield Hotel Assn. Inc.* v. *Alcoholic Beverages Control Commn.* 338 Mass. 699, 703. See also *Circle Lounge & Grille, Inc.* v. *Board of Appeal of Boston,* 324 Mass. 427, 429–430. These cases amply indicate that Boat Inc. has not alleged facts showing that it has standing for any relief.

It thus is not necessary to consider whether § 4 (e) of the 1960 statute lays down adequate standards for the authority's exercise of its power to license (cf. the *Retail Stores Delivery, Inc.* case, 339 Mass. 441, 448–451; *Newton* v. *Department of Pub. Util.* 339 Mass. 535, 546–547; and the *Bay State Harness* case, 342 Mass. 694, 698–700). We also need not decide whether the Legislature in the public interest, without denial of equal protection of the laws (see *Opinion of the Justices,* 341 Mass. 760, 781; cf. *Hall-Omar Baking Co.* v. *Commissioner of Labor & Indus.* 344 Mass. 695, 703–708), could reasonably leave control to the authority, charged as it is with maintaining the basic, essential service to the islands, over "excursion service" competition from vessels of more than 100 gross tons, while imposing no comparable regulation or restraint upon carriers like Boat Inc. operating smaller vessels, or whether, indeed, Boat Inc. can be said to be adversely affected by thus being left free from regulation by the authority.

3. The interlocutory decrees sustaining the demurrers and the final decree are affirmed.

*So ordered.*