467 P.2d 395

**RUIDOSO STATE BANK, Petitioner-Appellant,**

**v.**

**Grant O. BRUMLOW, Commissioner of Banking of the State of New Mexico, T. A. Bonnell, Dan W. King, Kenneth C. Bonnell, C. H. Wood, T. B. Hood, Maurice Hobson, Dan D. Swearingen, Ronald L. Annala, M.D., Judd P. McKnight, Alice O. Cullen, Fletcher A. Hall, Jr., L. F. Jennings, Robert Scribner, Charles Findley and Security Bank of Ruidoso, New Mexico, Respondents-Appellees.**

**No. 8919.**

Supreme Court of New Mexico.

March 16, 1970.

Modrall, Seymour, Sperling, Roehl & Harris, John R. Cooney, Albuquerque, for appellant.

James A. Maloney, Atty. Gen., Ray H. Shollenbarger, Jr., Asst. Atty. Gen., Santa Fe, for Grant O. Brumlow.

Otto & Schauer, Alamogordo, for appellees.

## OPINION

TACKETT, Justice.

This is an appeal filed in the District Court of Lincoln County, New Mexico, to review an order of the Commissioner of Banking, which approved the application of the Security Bank of Ruidoso to file corporate papers. The district court dismissed the petition on the grounds that the Santa Fe County District Court had exclusive jurisdiction. Petitioner appeals.

Petitioner is hereinafter designated "Ruidoso" and the Commissioner of Banking as "Brumlow."

Security Bank of Ruidoso, in an effort to establish a new bank in Ruidoso, New Mexico, made application to Brumlow for permission to file corporate papers with the State Corporation Commission. Permission was granted and Brumlow endorsed his approval on the articles of incorporation.

Ruidoso filed identical petitions in the District Court of both Lincoln and Santa Fe Counties on the same date. It is interesting to note that the filing in Santa Fe County was prior in time by twenty-four minutes to the filing in Lincoln County.

Security Bank of Ruidoso and Brumlow filed motions to dismiss the appeal. After hearing, the motions were granted on the ground of lack of jurisdiction of the Lincoln County court. Thereafter, the matter was heard in the Santa Fe County District Court and judgment was entered on February 21, 1970, affirming the action of Brumlow and overruling, denying and dismissing the petition with prejudice.

Even though a jurisdictional and other questions have been raised on this appeal, we deem it unnecessary to decide that issue and other questions in this opinion as, in our view, the principal issue here is whether Ruidoso had proper standing, or was a proper party, or was a person aggrieved and directly affected, to allow appeal from the decision of Brumlow.

The statute relied on by Ruidoso is § 48–22–34, N.M.S.A., 1953 Comp. (Repl.1966), which is in part as follows:

"A. *Any person aggrieved and directly affected* by an order of the commissioner *may* appeal to the district court in the county in which said person resides or maintains his principal office within thirty [30] days after issuance of the order. * * *" (Emphasis added.)

Ruidoso claims to have standing to appeal Brumlow's decision because it is a competing bank. This claim is without merit, as the fact that it is a competing bank does not mean that it is a "person aggrieved and directly affected" under the statute. Ruidoso did not have proper standing to appeal Brumlow's decision, since the action complained of does not affect its rights, property or authority to continue in the banking business, as the reduction of competition in a business is not such effect as to allow Ruidoso to submit the matter to this court. Padilla v. Franklin, 70 N.M. 243, 372 P.2d 820 (1962).

One enjoying an advantage over his competititors has been held to have no standing to seek review of an administrative order which destroys this advantage. Chapman v. Sheridan-Wyoming Coal Co., 338 U.S. 621, 70 S.Ct. 392, 94 L.Ed. 393 (1950); Baltimore Retail Liquor Package Stores Ass'n v. Kerngood, 171 Md. 426, 189 A. 209,

109 A.L.R. 1253 (1937); Annot. 109 A.L.R. 1259.

■ One whose only injury will result from lawful competition suffers no legal wrong. Kansas City Power & Light Company v. McKay, 96 App.D.C. 273, 225 F.2d 924 (1955), cert. denied 350 U.S. 884, 76 S. Ct. 137, 100 L.Ed. 780 (1955); Alabama Power Co. v. Ickes, 302 U.S. 464, 58 S.Ct. 300, 82 L.Ed. 374 (1938); 2 Am.Jur.2d Administrative Law, § 576 at 400.

■ The right to appellate review of a judgment or order exists only in one who is aggrieved or prejudiced thereby. Home Fire and Marine Insurance Co. v. Pan American Petroleum Corp., 72 N.M. 163, 381 P.2d 675 (1963); Galvan v. Miller, 79 N.M. 540, 445 P.2d 961 (1968); see also, In re Deseret Mortuary Co., 78 Utah 393, 3 P.2d 267 (1931). Appeals are ordinarily not allowed for the purpose of settling abstract questions, however interesting or important to the public generally, but only to correct error injuriously affecting appellant. Massengill v. Massengill, 36 Tenn. App. 385, 255 S.W.2d 1018 (1953); Huggins v. Nichols, 440 S.W.2d 618 (Tenn.App. 1968); 4 Am.Jur.2d Appeal and Error, § 182 at 691.

■ An aggrieved party, within the meaning of the rule governing appeals, is one having an interest recognized by law in the subject matter which is injuriously affected by the judgment, or one whose property rights or personal interests are directly affected by the operation of the judgment. This does not include all those who may happen to entertain desires on the subject, but only those who have rights which may be enforced at law and whose pecuniary interests might be established in whole, or in part, by the decree. The true test is whether appellant's legal rights have been invaded, not merely whether he has suffered any actual pecuniary loss or been deprived of any actual pecuniary benefit. He must be aggrieved in a legal sense. Padilla v. Franklin, supra; Alabama Power Co. v. Ickes, supra; In re Michigan-Ohio

Bldg. Corporation, 117 F.2d 191 (7th Cir. 1941); Sarbach v. Fidelity & Deposit Co. of Maryland, 99 Kan. 29, 160 P. 990, L.R.A. 1917B, 1043 (1916); Howard Savings Institution of Newark, New Jersey v. Peep, 34 N.J. 494, 170 A.2d 39 (1961); State ex rel. Simeon v. Superior Court for King County, 20 Wash.2d 88, 145 P.2d 1017 (1944); Farmers Insurance Group v. Worth Insurance Co., 8 Ariz.App. 69, 443 P.2d 431 (1968); 4 Am.Jur.2d Appeal and Error, § 183 at 692.

■ This court has held that parties may appeal only if they have a real and substantial interest in the subject matter before the court, and are aggrieved or prejudiced by the decision. To be aggrieved, a party must have a personal or pecuniary interest or property right adversely affected by the judgment. Padilla v. Franklin, supra; Home Fire and Marine Insurance Co. v. Pan American Petroleum Corp., supra; Galvan v. Miller, supra. See also, In re Appeal of Town of Greenfield, etc., 271 Wis. 442, 73 N.W.2d 580 (1955).

In Schreiber v. Baca, 58 N.M. 766, 276 P.2d 902 (1954), we held that profits or commercial advantages, which the holder of a retail liquor license might gain by elimination of competition of another holder of a license, were too illusive and uncertain to entitle it to maintain mandamus proceedings, as a person enforcing special interest or private right, to compel revocation of the license of another. Even though Schreiber was a mandamus action, the law applies equally to the case before us. See also, Baker v. State ex rel. Hi-Hat Liquors, 159 Fla. 286, 31 So.2d 275 (1947); Turner v. City of Miami, 160 Fla. 317, 34 So.2d 551 (1948).

We have considered the other issues involved in this appeal and do not comment thereon. The case is determined by what we have here said. Ruidoso had no standing and was not a proper party or a person aggrieved and directly affected, as contemplated under the statute. Section 48-22-34, supra.

The motion to dismiss is disposed of through this opinion.

The decision is affirmed.

It is so ordered.

COMPTON and WATSON, JJ., concur.