553 P.2d 679

John P. EASTHAM and Thomas W. Hoover,
Plaintiffs-Appellants,

v.

The PUBLIC EMPLOYEES' RETIREMENT
ASSOCIATION BOARD, Orlando Fernan-
dez, Mrs. Betty Fiorina, Robert I. Griego,
Jesse S. Kornegay, Frank M. Olmstead, R.
F. Apodaca, Dennis D. Luna, Richard E.
Aragon, Floyd Avila, James W. Harrison,
Leonard T. Valdes, R. C. Morgan, Frank
Bateman and Lilburn C. Homan, Defend-
ants-Appellees.

No. 10322.

Supreme Court of New Mexico.

Aug. 23, 1976.

**400**

John P. Eastham, pro se.

Stephen L. ReVeal, Albuquerque, for plaintiffs-appellants.

Kegel & McCulloh, Lyle E. Teutsch, Jr., Santa Fe, for defendants-appellees.

## OPINION

MONTOYA, Justice.

Plaintiffs, claiming membership in the Public Employees' Retirement Association under the Legislative Retirement Act [§ 5–5–6.1, N.M.S.A., 1953 (Repl.Vol. 2, pt. 1, 1974)], brought an action seeking a judgment in the District Court of Santa Fe County to declare the Legislative Retirement Act unconstitutional. They also sought an injunction forbidding retirement payments to annuitant legislators if the Legislative Retirement Act was declared unconstitutional. Named as defendants in the action were members of the Public Employees' Retirement Association Board (PERA), its executive secretary, and three annuitant legislators, being R. C. Morgan, Frank Bateman and Lilburn C. Homan.

Defendants answered, attacking the plaintiffs' standing to sue, and contending that the suit was an improper class action. They also generally denied other allegations of the complaint. At the trial, defendants asserted that certain indispensable parties were not joined as defendants, and that by reason thereof, the complaint should be dismissed.

The trial court, after hearing testimony, made findings which, insofar as they are pertinent to the disposition of this appeal, are as follows:

"5. The Defendants R. C. Morgan, Frank Bateman and Lilburn Homan are former legislators now retired and receiving annuities as legislative members of the Public Employees Retirement Association.

"6. In addition to the Defendants Morgan, Bateman and Homan, there are thirty-one additional persons who are retired members of the New Mexico Legislature receiving annuities as legislative members of the Public Employees Retirement Association.

"7. There are twenty additional legislative members of the Public Employees Retirement Association who qualify in all respects for retirement, except that they have not reached retirement age.

"8. That all legislative members of the Public Employees Retirement Association who have either retired or who have completed all requirements for retirement, except that all reaching retire-

ment age, are subject to the jurisdiction of this Court.

"9. There has been no notification of the existence of the action given to any of the thirty-one additional individuals who fall within the same class as the Defendants Morgan, Bateman and Homan, or to the twenty individuals who are legislative members of the Public Employees Retirement Association, and have completed all requirements for retirement except that of age."

Pursuant to the aforementioned findings, the court concluded as follows:

"4. The fifty-one additional persons who are either retired legislators or persons eligible to retire as soon as they reach the required age are not so numerous as to make it impracticable to bring them on before the Court as required by Rule 23 of the Rules of Civil Procedure, and therefore a class action is not authorized.

"5. Due process of law as guaranteed by the Federal and State Constitutions requires a person affected by a class action be given notice thereof, which has not been done in this case, the absence of which notice requires a dismissal of the Complaint."

On appeal, the plaintiffs contend that the trial court committed error, alleging that plaintiffs have standing to sue in this action and that this was a proper class action.

We first consider the pertinent Rules of Civil Procedure for the District Courts of the State of New Mexico [§§ 21–1–1(1) through 21–1–1(94), N.M.S.A., 1953 (Repl. Vol. 4, and 1975 Supp.)]. Rule 19(a), supra, dealing with joinder of a person needed for just adjudication, sets forth facts requiring a person who is subject to service of process to be joined as a party to an action if—

" * * * (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the ac-

tion and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest, or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. * * * "

Subsection (c) of Rule 19, supra, requires the pleader to state, if known to him, the names of those persons as described in Rule 19(a) who are not joined, and the reasons why they are not joined. No reason is given for failure to join other members of the legislative retirement plan.

In the instant case, the court found that there are thirty-one additional persons who are retired from the legislature and are receiving annuities as legislative members of the PERA. In addition, the court found twenty additional members who qualify for retirement, except that they have not reached the eligible age. The court further found that, except for the three former legislators named as defendants, none of the others received any notice of the instant action. These persons have an initial and vested interest in the retirement plan and are indispensable parties to insure a just adjudication of the issues herein involved. In *State v. Scarborough,* 78 N.M. 132, 134, 429 P.2d 330, 332 (1967), we said:

"It was settled in this jurisdiction as early as 1924 that all persons whose interests will necessarily be affected by any judgment or order in a particular case are necessary and indispensable parties, and that the court cannot proceed to a judgment without such party. *American Trust & Sav. Bank of Albuquerque v. Scobee,* 29 N.M. 436, 453, 224 P. 788. That position has been consistently followed by this court. *Burguete v. Del Curto,* 49 N.M. 292, 163 P.2d 257; *State ex rel. Del Curto v. District Court,* 51 N.M. 297, 183 P.2d 607; *Sullivan v. Albuquerque Nat'l Trust & Sav. Bank,* 51 N.M. 456, 188 P.2d 169; *Keirsey v.*

*Hirsch*, 58 N.M. 18, 265 P.2d 346, 43 A. L.R.2d 929; *Swayze v. Bartlett*, 58 N. M. 504, 273 P.2d 367; *State ex rel. Skinner v. District Court*, 60 N.M. 255, 291 P.2d 301; *Sellman v. Haddock*, 62 N.M. 391, 310 P.2d 1045; *State ex rel. Reynolds v. W. S. Ranch Co.*, 69 N.M. 169, 364 P.2d 1036; *State Game Comm'n v. Tackett*, 71 N.M. 400, 379 P.2d 54; Rule of Civil Procedure 19 (§ 21–1–19, N.M.S.A. 1953)."

It is of further interest to note that none of the above findings were attacked and therefore are the undisputed facts before this court. We find the following language in *C. de Baca v. Baca*, 73 N.M. 387, 394, 388 P.2d 392, 397 (1964):

"In *American Trust & Savings Bank of Albuquerque v. Scobee*, 29 N.M. 436, 453, 224 P. 788, 790, we stated:

" 'There is a general rule that all persons, whose interests will necessarily be affected by any decree is [in] a given case, are necessary and indispensable parties, and the court will not proceed to a decree without them. Where such necessary parties cannot for any reason be brought before the court, there is nothing to be done except to dismiss the bill, for the suit is inherently defective. * * *'

Other decisions to like effect are *State Game Commission v. Tackett*, 71 N.M. 400, 379 P.2d 54; *Sellman v. Haddock*, 62 N.M. 391, 310 P.2d 1045; *Keirsey v. Hirsch*, 58 N.M. 18, 265 P.2d 346, 43 A. L.R.2d 929; *Hugh K. Gale Post No. 2182 v. Norris*, 53 N.M. 58, 201 P.2d 777; *Page v. Town of Gallup*, 26 N.M. 239, 191 P. 460."

The plaintiffs also claim error in the trial court's decision to dismiss the action because of the failure of the plaintiffs to give notice to the persons affected by a class action. The plaintiffs' complaint is framed joining the three annuitant legislators as representatives of the class of legislative annuitants pursuant to Rule 23(a), supra, which is pertinent here and deals with three types of class actions. It makes a requirement common to all three, that the persons constituting the class must be so numerous as to make it impracticable to bring them all before the court, in which case such numbers of them, one or more as will fairly insure the adequate representation of all, may, on behalf of all, sue or be sued.

The three types of class suits covered by Rule 23(a), supra, have become popularly known as "true," "hybrid" and "spurious." Thus, an action that is brought to enforce a right which is "joint, or common, or secondary in the sense that the owner of a primary right refuses to enforce that right and a member of the class thereby becomes entitled to enforce it[,]" is known as a "true" class action. The second class refers to those actions where the right to be enforced is several but "the object of the action is the adjudication of claims which do or may affect specific property involved in the action[,]" and the label of "hybrid" is applied. The other action involves suits to enforce a several right where there is "a common question of law or fact affecting the several rights and a common relief is sought[,]" and is known as a "spurious" action.

Plaintiffs say that the class action involved is a "spurious" action. The labeling of the type of action is unimportant here and the pigeonholing of suits into one class or another has baffled both courts and legal writers. The trial court made no determination as to the type of class action, but found that no notification of the existing action had been given to the thirty-one individuals in the same category, or the twenty other legislators who had completed all requirements for retirement except that of age. On the basis of such a finding the court concluded that due process under both State and Federal Constitutions requires that a person affected by a class action be given notice of the action, and that the absence of such notice requires a dismissal of the complaint. We agree.

In *Eisen v. Carlisle & Jacquelin,* 417 U. S. 156, 173–74, 94 S.Ct. 2140, 2150–2151, 40 L.Ed.2d 732, 746 (1974), though decided after the amendment of the federal rules to provide for notice, the court said:

"Rule 23(c)(2) provides that, in any class action maintained under subdivision (b)(3), each class member shall be advised that he has the right to exclude himself from the action on request or to enter an appearance through counsel, and further that the judgment, whether favorable or not, will bind all class members not requesting exclusion. To this end, the court is required to direct to class members 'the best notice practicable under the circumstances, *including individual notice to all members who can be identified through reasonable effort.'* We think the import of this language is unmistakable. Individual notice must be sent to all class members whose names and addresses may be ascertained through reasonable effort.

"The Advisory Committee's Note to Rule 23 reinforces this conclusion. See 28 U.S.C.App., p. 7765. The Advisory Committee described subdivision (c)(2) as 'not merely discretionary' and added that the 'mandatory notice pursuant to subdivision (c)(2) . . . is designed to fulfill requirements of due process to which the class action procedure is of course subject.' Id., at 7768. The Committee explicated its incorporation of due process standards by citation to *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306 [70 S.Ct. 652, 94 L.Ed. 865] (1950), and like cases.

"In *Mullane* the Court addressed the constitutional sufficiency of publication notice rather than mailed individual notice to known beneficiaries of a common trust fund as part of a judicial settlement of accounts. The Court observed that notice and an opportunity to be heard were fundamental requisites of the constitutional guarantee of procedural due process. It further stated that notice must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' * * * *"

It is interesting to note that *Mullane v. Central Hanover Bank & Trust Co.,* supra, was decided when Federal Rule 23 was identical to our own Rule 23.

Accordingly, we hold that the trial court was correct in holding that procedural due process required notice to other members of the class whose rights would be affected.

■ Ordinarily, when a suit is decided against the plaintiff on the grounds that indispensable parties are not named, we remand for a new trial or, if decided prior to trial, give the party an opportunity to amend the complaint to bring in the indispensable parties so that the action may proceed. See *Sellman v. Haddock,* 62 N. M. 391, 310 P.2d 1045 (1957). However, in the instant case the trial court also held that plaintiffs lacked standing to bring the suit as citizens and taxpayers. We now consider that issue as it becomes important in deciding whether the trial court was correct in dismissing the action with prejudice.

The pertinent findings of fact and conclusions of law made by the trial court are as follows:

(Findings of Fact)

"1. Plaintiffs are citizens and taxpayers of the State of New Mexico.

"2. Plaintiff Eastham was a member of the Legislature of the State of New Mexico during the calendar years 1957 and 1958 and 1967 through 1972, inclusive.

"3. Plaintiff Eastham is a legislative member of the Public Employees Retirement Association, but has no paid, service credit standing to his name.

"4. Plaintiff Hoover is a member of the State Legislature of the State of New Mexico, and has been continuously since 1965 when his term of office will expire December 31, 1974, and he is not

**404**

running for re-election. Plaintiff Hoover is a legislative member of the Publice Employees Retirement Association and has three years of service credit.

"* * *.

"10. Neither Plaintiff has any reasonable expectation of receiving an annuity as a legislative member of the Public Employees Retirement Association.

"11. Neither Plaintiff has the required number of years of contributing service credit to entitle him to receive an annuity at the required age as a legislative member of the Public Employees Retirement Association.

"12. Neither Plaintiff has entered into a binding agreement to pay additional moneys to the Public Employees Retirement Association to bring their paid contributing service credit to a total of five years each."

(Conclusions of Law)

"2. Plaintiffs' only interest in the constitutionality or interpretation of the Public Employees Retirement Act as it affects legislative members is as citizens and taxpayers.

"3. As citizens and taxpayers, Plaintiffs have no standing to sue."

The plaintiffs did not attack findings Nos. 1, 2, 3, 4, 11 and 12. Therefore, those are the facts before this court. They argue in their brief that finding of fact No. 10 is wholly without foundation. The testimony reveals that as to one of the plaintiffs there has only been individual legislator's contributions for a period of three years service credit and that he was not going to continue as a member of the legislature after December 31, 1974. The other plaintiff, who is no longer a member of the legislature, had only paid $40 toward a service credit of only one year. An individual legislator must make a contribution of $100 per year for each year of service to qualify for eligibility under the legislative retirement program. At the time of trial, neither plaintiff indicated

that he intended to pay in the additional moneys required to bring his paid service credit to a total of five years. There is no record of any agreement with PERA to do so while they were members of the legislature. Therefore, neither plaintiff has the required number of years of contributing service credit to make him eligible for retirement under the Legislative Retirement Act. In view of the foregoing evidence, the trial court's finding that neither plaintiff has any reasonable expectation of receiving an annuity as a legislative member of the PERA is supported by substantial evidence.

How does the trial court's finding No. 10 affect plaintiffs' standing to sue? We recently reviewed the law of standing in *De Vargas Savings & L. Ass'n of Santa Fe. v. Campbell*, 87 N.M. 469, 473, 535 P.2d 1320, 1324 (1975), where we said:

"* * *. We hold that to attain standing in a suit arguing the unlawfulness of governmental action, the complainant must allege that he is injured in fact or is imminently threatened with injury, economically or otherwise. We therefore overrule *Ruidoso State Bank v. Brumlow,* supra, [81 N.M. 379, 467 P.2d 395 (1970)], and its progeny, *Southern Union Gas Co. v. New Mexico Pub. Serv. Com'n.,* 82 N.M. 405, 482 P.2d 913 (1971), and *Hubbard Broadcasting, Inc. v. City of Albuquerque,* 82 N.M. 164, 477 P.2d 602 (1970)."

Under the holding of that case we can only conclude, in view of the trial court's findings, that they have no standing to sue as potential retirees under the program. That leaves for consideration whether they have standing as citizens and taxpayers.

Such a question has been before us many times. In three cases this court held that actions by certain citizens and taxpayers could be brought. Those three cases are *State ex rel. Sego v. Kirkpatrick,* 86 N.M. 359, 524 P.2d 975 (1974); *State ex rel. Castillo Corp. v. New Mexico St. T.*

*Com'n,* 79 N.M. 357, 443 P.2d 850 (1968); and *State v. Campbell,* 75 N.M. 86, 400 P. 2d 956 (1965). In those cases we established that even though a private party may not have standing to invoke the power of this court to resolve constitutional disputes and enforce constitutional compliance, we would, on a discretionary basis, grant private citizens standing to "vindicate the public interest" in such cases as present issues of great public importance. Plaintiffs in the instant case do not assert that this case is of such a category, nor do we consider it to be.

In *Asplund v. Alarid,* 29 N.M. 129, 139, 219 P. 786, 790 (1923), where a taxpayer brought suit against the Santa Fe County Assessor seeking to declare the Soldiers Exemption Law unconstitutional, this court said:

"* * *. It is not the duty of this or any other court to sit in judgment upon the action of the legislative branch of the government, except when the question is presented by a litigant claiming to be adversely affected by the legislative act on the particular ground complained of. *Schmidt v. Indianapolis,* 168 Ind. 631, 80 N.E. 633, 14 L.R.A. (N.S.) 787, 120 Am.St.Rep. 385; *Matter of Damon,* 10 Cal.App. 542, 102 P. 684; *Cram v. Chicago, etc., R. Co.,* 85 Neb. 586, 123 N.W. 1045, 26 L.R.A. (N.S.) 1028, 19 Ann.Cas. 170, and note. * * *"

Following that this court decided *Asplund v. Hannett,* 31 N.M. 641, 645, 249 P. 1074, 1075 (1926), where it was claimed again by the same citizen and taxpayer a violation of the Enabling Act and our Constitution by alleged illegal expenditures from an income fund created for the establishment of "permanent reservoirs for irrigating purposes." In that case we stated:

"It does not appear from the complaint that appellant will be affected by the acts sought to be enjoined in any other manner than any other taxpayer of the state. Nor does it appear what effect, if any, the proposed action will have, either to increase or decrease the taxes of the appellant, or of any taxpayer of the state; nor that any personal, property, or civil right of any individual is threatened with injury by the proposed acts, unless it can be said to be an individual right to prevent the violation of the Constitution, * * *. Does this situation call for or warrant the interference of a court of equity at the behest of a citizen taxpayer?"

This court answered that query in the negative, saying (31 N.M. at 650, 249 P. at 1077):

"The constitutionality of a statute is not in itself a cause of action, nor a head of equity jurisdiction. [Citations omitted.]

"So we concluded that, as a citizen, appellant is without standing to question the constitutionality of the act in question, and we proceed to the consideration of the other question, Has a taxpayer such an interest as entitles him to an injunction to restrain devastavit of public funds?"

This court answered that question as follows (31 N.M. at 665, 249 P. at 1083):

"Not having found any legal or logical principle to support a taxpayer's suit to enjoin the expenditure of state funds, we are constrained to hold that he has no such right in this state. * * *"

In considering the effect of the two *Asplund* cases, supra, in *State ex rel. Overton v. State Tax Commissioners,* 80 N.M. 780, 782–83, 461 P.2d 913, 915–16 (1969), we said the following:

"Although we are not inclined to extend the doctrine in *Hannett,* supra, particularly in view of the apparent trend to enlarge the area in which taxpayer suits are permitted, neither are we ready to overrule this decision. *State ex rel. Castillo v. New Mexico State Tax Comm.,* [79 N.M. 357, 443 P.2d 850 (1968)], and the footnote on page 359."

Again in *State ex rel. Overton v. New Mexico State Tax Com'n,* 81 N.M. 28, 33,

**406**

462 P.2d 613, 618 (1969), where the county assessor questioned the validity of the veterans' exemption statute, the court stated:

"As desirable as it may be to have our opinion on questions of public importance as soon as possible, it is always dangerous to 'function in the abstract.' Borchard on Declaratory Judgments at 34 and 35 (2d ed. 1941). We must avoid 'ill-defined controversies over constitutional issues.' *United Public Workers of America v. Mitchell,* 330 U.S. 75, 67 S. Ct. 556, 91 L.Ed. 754 (1947). The 'gist of the question of standing' is whether the party seeking relief has 'alleged such personal stake in the outcome of the controversy as to assure the concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions.' *Baker v. Carr,* 369 U.S. 186, 204, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962). Compare *Flast v. Cohen,* 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968); and *Protestants and Other Americans, etc., et al. v. Watson* [132 U.S.App.D.C. 329] 407 F.2d 1264 (1968). Although a determination of what constitutes the necessary personal stake depends as much on the issues involved as on the parties plaintiff, here the required nexus is not present; nor do we believe that either the plaintiff or the intervenor could allege by amendments to their complaints the 'personal stake' required."

In view of all of the foregoing, we agree with the trial court that plaintiffs as citizens and taxpayers have no standing to sue.

The judgment of the trial court is affirmed.

IT IS SO ORDERED.

OMAN, C. J., and McMANUS and SOSA, JJ., concur.

EASLEY, J., not participating.