BANK OF THE LAKES, LANGLEY, OKLAHOMA, Appellant,

v.

The FIRST STATE BANK, KETCHUM, OKLAHOMA; the Banking Board of the State of Oklahoma; R.Y. Empie, Oklahoma Banking Commissioner, Appellees.

No. 61954.

Supreme Court of Oklahoma.

Oct. 8, 1985.

Doerner, Stuart, Saunders, Daniel & Anderson, Robert F. Biolchini, Albert J. Givray, Tulsa, for appellant.

Jack T. Crabtree & Associates, Oklahoma City, for appellee, First State Bank.

Frances C. Farzley, State Banking Dept., Oklahoma City, for appellee Banking Bd.

DOOLIN, Vice Chief Justice.

This appeal from the Banking Board of Oklahoma is the first challenge to the application and interpretation of "standing" under 6 O.S.Supp. 1983, § 207.

First State Bank applied for authority from the Banking Board to operate a branch bank in Disney, Oklahoma under 6 O.S.Supp. 1983, § 501. Bank of the Lakes applied for authority from the Board to operate a detached facility in Disney, Oklahoma under 6 O.S.Supp. 1983, § 415. Bank of the Lakes then protested the application of First State Bank. On the same day, the Board granted both applications.

We dispose of this appeal by addressing the primary issue of whether a single bank, serving a rural trade area, has standing under 6 O.S.Supp. 1983, § 207, to challenge an order of the Banking Board of Oklahoma approving a competitor's application to establish a branch bank in the same trade area. We find that no legitimate injury in fact has been suffered by Appellant as a result of the order appealed. The granting of a certificate of authority to First State Bank, Ketchum, Oklahoma, to operate a branch bank in Disney, Oklahoma is affirmed.

On January 6, 1984, appellee, First State bank of Ketchum, Oklahoma (First State), applied to the Oklahoma Banking Board (Board), for authority to open and operate a branch bank in the town of Disney, Oklahoma pursuant to 6 O.S.Supp. 1983, § 501(B)(3). On January 25, 1984, appellant, Bank of the Lakes, Langley, Oklahoma filed an application to maintain a drive-in, walk-up (detached) facility in Disney, Oklahoma pursuant to 6 O.S.Supp. 1983, § 415. The Bank of the Lakes vigorously protested issuance of a certificate to First State to operate a branch bank in Disney. The Board rejected the protest of Bank of the Lakes and issued a certificate to First State to operate its branch banking facility in Disney. Likewise, the Board approved the uncontested application of Bank of the Lakes for a detached facility in Disney. Bank of the Lakes appealed.

Bank of the Lakes claims that 6 O.S. Supp. 1983, § 501(B)(3) prohibits the placing of a second bank's branch facility in an

adjoining municipality that is already served by a first bank and its extensions. The towns of Langley and Disney are approximately one mile apart. To support its contention, Bank of the Lakes construes the term "located" in 6 O.S.Supp. 1983, § 501[1] with the same term used in 6 O.S. Supp. 1983, § 415.[2]

Bank of the Lakes then argues that every 'rural bank' in Oklahoma has a "three-mile buffer zone" around it, concluding that it is already "located" in Disney for the purposes of § 501(B)(3), because its' detached facility in Disney opened on May 11, 1984. First State has yet to open its "branch" in Disney. Bank of the Lakes also alleges that First State's proposed branch bank must be tested for its economic impact on Bank of the Lakes in the Disney area. It contends that it will suffer irreparable harm because the depositor base in the Langley-Disney region, including the respective environs, is economically insufficient to support two banks.

As support for its right to bring this appeal, Bank of the Lakes relies upon 6 O.S.Supp. 1983, § 207, which provides as follows:

"A. Final orders of the Banking board or the Commissioner may be appealed to the Supreme Court of Oklahoma by any party directly affected and showing aggrievement by the order. *A mere increase in competition resulting from the order shall not constitute aggrievement.*" (emphasis added).

Prior to its amendment by the Oklahoma Legislature in 1982 § 207 of the Banking Code (emphasized above), allowed any person aggrieved and directly affected by an order of the Banking Board or Commissioner to appeal. Appellees First State and the Banking Board argue that Bank of the Lakes lacks standing to bring this appeal before this Court. We agree.

■ The Oklahoma legislature originally adopted § 207, in pertinent part, from New Mexico's Banking Code §§ 48–22–34, N.M. S.A., 1953 Comp. (Repl.1966). It is a settled rule that where one state adopts a statute from another, it is presumed to adopt the construction placed upon that statute by the highest court of the other state. *Atlantic Richfield Co. v. State, ex rel. Wildlife Conservation Commission.* 659 P.2d 930 (Okl.1983); *Baker v. Knott,* 494 P.2d 302 (Okl.1972), *Chesmore v. Chesmore,* 484 P.2d 516 (Okl.1971). We therefore examine the New Mexico Supreme Court's construction of the law of standing under §§ 48–22–34, N.M.S.A., 1953 Comp. (Repl.1966).

In *Ruidoso State Bank v. Brumlow,* 81 N.M. 379, 467 P.2d 395, 397 (1970), the New Mexico Supreme Court adopted the "legal interest" test of standing, holding that a competing bank had no standing to protest the granting of a charter to a new bank by the Commissioner of Banking, where the only injury suffered by the appellant would result from "lawful competition." The court said "(t)he true test is whether appellant's legal rights have been invaded, not merely whether he has suffered any actual pecuniary loss or has been deprived of any actual pecuniary benefit." In *De Vargas Savings and Loan Association of Santa*

1. 6 O.S.Supp. 1983, § 501 which provides in part:

"A.... The term 'Main Bank' as used in this section means the bank and its specific location which has been designated by the Commissioner or Comptroller of the Currency as a main office.

B.... Any bank chartered under the laws of this state or by the Comptroller of the Currency may maintain and operate no more than two branches on property owned or leased by the bank as follows:

\* \* \* \* \* \*

(3) located within twenty-five (25) miles of the main bank if *located in a city or town which* has no state or national bank located in said city or town. Provided however, if an application for a bank charter has been filed, the Board shall give priority to the charter application ..." (emphasis added).

2. 6 O.S.Supp. 1983, § 415 which provides in pertinent part:

"A. (1) Any bank chartered ... may maintain and operate, ..., outside attached facilities and two detached facilities.... Of the two detached facilities, ... one may be on property owned or leased by the bank *located less than three (3) miles from said main bank building.*" (emphasis added).

*Fe v. Campbell,* 87 N.M. 469, 535 P.2d 1320, 1324 (1975), the Supreme Court of New Mexico overruled *Ruidoso State Bank v. Brumlow,* supra, holding that:

"to attain standing in a suit arguing the unlawfulness of governmental action, the complainant must allege that he is injured in fact or is imminently threatened with injury, economically or otherwise,"

■ The New Mexico Supreme Court in *De Vargas* 535 P.2d at p. 1325 adopted a test standard that grants standing to appeal:

"to those having legitimate interests while allowing the ordinary summary judgment procedures to be used to penetrate the allegations of the pleadings to determine whether injury in fact actually exists."

We feel justified in adopting the rationale in *De Vargas,* and hold that Bank of the Lakes lacks standing to file this appeal because appellant's allegations are insufficient as a matter of law.

In passing we note, Section 207(A), as amended by the Oklahoma Legislature, does not recognize as grounds for appeal the type of injury that Bank of Lakes alleges. The amended statute clearly creates an "exception" to the New Mexico Supreme Court's law on standing, because the exception—a mere increase in competition—was enacted after the original statute was construed by the Supreme Court of New Mexico. *Horath v. Pierce,* 506 P.2d 548 (Okl. 1973); *Udall v. Udall, 613 P.2d 742 (Okl. 1980).*

Unquestionably, Bank of the Lakes has legitimate interest in the Langley-Disney trade area, where the majority of its depositors reside. On October 26, 1983, Bank of the Lakes was also granted authority by the Board to operate a branch bank in Langley, Bernice, and Disney, Oklahoma. Consequently, we conclude that Bank of the Lakes is not "injured in fact or is imminently threatened with injury, economically or otherwise," except as a result from a "mere increase in competition" in the Langley-Disney trade area.

■ The claim that appellant will be irreparably injured by the competition of First State presents a clear case of *damnum absque injuria.* In other words, First State Bank has the right under state law to engage in the banking business in competition with Bank of the Lakes, because neither bank has been given an exclusive franchise. If Bank of the Lakes' business suffers, it will be only through lawful competition in the Langley-Disney trade area. *Oklahoma Gas and Electric Co. v. Oklahoma Electric Cooperative, Inc.,* 517 P.2d 1127, 1133 (Okl.1973).

■ The specific designated location of Bank of the Lakes is not in Disney; it is chartered and located in Langley. Section 501(B)(3) when read in context with § 415(A)(1), does not preclude the Board from granting a certificate to a competitor bank to enter the trade area served by another bank. *Lakeside State Bank v. Banking Board,* 682 P.2d 232, 234 (Okl. 1984).

■ As we stated in *Lakeside State Bank,* supra, a branch bank's location, or a detached facility as presented in this case, is never the same as that of the main bank office. The procedures and instructions for opening a primary bank, which are contained in 6 O.S.Supp. 1982, § 301, or for maintaining and operating a detached facility are separate and distinct from those permitting the establishment of a branch bank. Bank of the Lakes' overly broad and improper interpretation of §§ 501(B)(3) and 415(A)(1), creating a three-mile buffer zone, ignores the plain and unambiguous language in the statutes. See *Choctaw, O. & G.R. Co. v. Alexander,* 7 Okl. 591, 54 P. 421 (1898), *Matter of Phillips Petroleum Co.,* 652 P.2d 283 (Okl.1982), for proper application.

There is adequate evidence in the record before us to justify the affirmance of the Board's order. The order of the Banking Board is AFFIRMED.

SIMMS, C.J., DOOLIN, V.C.J., and HODGES, LAVENDER, HARGRAVE, OPALA, ALMA WILSON and KAUGER, JJ., concur.

SUMMERS, J., concurs in result.