372 P.2d 820

Escuipula PADILLA, Plaintiff-Appellant,

v.

George FRANKLIN, Chief of Division of Liquor Control, Bureau of Revenue, State of New Mexico, Defendant-Appellee.

No. 7003.

Supreme Court of New Mexico.

June 19, 1962.

David F. Cargo, Albuquerque, for appellant.

Earl E. Hartley, Atty. Gen., Boston E. Witt, Marvin Baggett, Jr., Asst. Attys. Gen., Santa Fe, for appellee.

COMPTON, Chief Justice.

The appellant, petitioner below, brought this action in the district court of Santa Fe County against appellee's predecessor in office to void certain orders granting additional liquor licenses in Bernalillo County on or about the 20th day of December, 1960, in which he alleged that the chief of division of liquor control acted without and in excess of jurisdiction conferred upon him by our Liquor Control Act, in that he acted unlawfully, unreasonably, arbitrarily and capriciously in granting the licenses. As a basis of this allegation, the petition enumerates various illegal and fraudulent acts allegedly committed by the chief of division.

The then chief answered with a specific denial as to each allegation. Subsequent-

ly, however, and before trial of the issues thus made, the present chief of division having been substituted for the former, moved for a dismissal of the petition on the ground that the court was without jurisdiction because the petitioner was without susbtantial interest in the matter in controversy. From an order dismissing the petition for failure to state "a claim upon which relief can be granted" the appellant prosecutes this appeal.

The principal question presented for decision is whether appellant alleged a sufficient interest in the matter in controversy to entitle him to relief under § 46–5–16, 1953 Comp., the pertinent provisions of which read:

"Any person, firm or corporation aggrieved by any decision made by the chief of division as to the issuance or refusal to issue any such additional license may appeal therefrom to the district court of Santa Fe County, by filing a petition therefor in said court within thirty (30) days from the date of the decision of the chief of division, and a hearing on the matter may be held in the district court which hearing shall be de novo. Provided, however, that the decision of the chief of division shall continue in full force and effect, pending a reversal or modification thereof by the district court unless otherwise ordered by the court for good cause shown."

The answer to the basic question turns on whether the appellant is a "person aggrieved" as contemplated by the statute. We do not think so. He had applied for a liquor license in Bernalillo County as early as 1948, and was an applicant for one of the licenses in question, which was denied. In his petition, however, he abandons any right of appeal as an unsuccessful applicant and appeals solely as a remonstrant challenging the jurisdiction of the chief of division in regard to the orders made by him in the issuance of licenses to other applicants. He alleges in his petition that the chief acted unlawfully, arbitrarily and capriciously in granting such other licenses and seeks a review on those grounds.

We conclude that the facts alleged by appellant give him no standing whatever to a review here of the actions of the chief. He asserts no rights other than as a member of the general public. Such is not contemplated by the statute. A person aggrieved must be a person having a direct interest, pecuniary or otherwise, one different from the public as a whole. Asplund v. Hannett, 31 N.M. 641, 249 P. 1074, 58 A.L.R. 573; Town of Gallup v. Constant, 36 N.M. 211, 11 P.2d 962; State ex rel. Naramore v. Hensley, 53 N. M. 308, 207 P.2d 529; Schreiber v. Baca, 58 N.M. 766, 276 P.2d 902. See also In re Richter's Will, 42 N.M. 593, 82 P.2d 916; Dunn v. Lindsey, 68 N.M. 288, 361

P.2d 328; Yankee Network v. Federal Communications Comm., 71 App.D.C. 11, 107 F.2d 212; National Broadcasting Co. v. Federal Communications Comm., 76 U.S.App.D.C. 238, 132 F.2d 545.

Since the lower court was without jurisdiction in the matter, the judgment should be affirmed. It is so ordered.

CHAVEZ and NOBLE, JJ., concur.

CARMODY and MOISE, JJ., not participating.