567 P.2d 478

T. Edsil RUNYAN et al.,
Petitioners-Appellants,

v.

Carlos L. JARAMILLO et al.,
Respondents-Appellees.

No. 11276.

Supreme Court of New Mexico.

Aug. 10, 1977.

Jack T. Whorton, Alamogordo, for petitioners-appellants.

Toney Anaya, Atty. Gen., Albert V. Gonzales, Asst. Atty. Gen., Santa Fe, for Jaramillo.

S. Thomas Overstreet, Alamogordo, for Lewvanco, Inc.

## OPINION

FEDERICI, Justice.

On February 3, 1975, appellee Lewvanco, Inc. applied for a non-quota rural liquor dispensing license in accordance with §§ 46–5–1 to 28, N.M.S.A. 1953 (Supp.1975). The license was to be located in Weed, New Mexico. Appellant Runyan, the owner of a bar in Mayhill, which is situated 10.2 road miles and 5.99 miles "as the crow flies" from Weed, and the individually named and institutional appellants protested the issuance of a dispenser's license to Lewvanco at a liquor board hearing held in Alamogordo on July 14, 1975. Appellee Jaramillo, Chief of the Division of Liquor Control, denied Lewvanco's application on July 15, 1975. Lewvanco did not appeal this decision under the procedure provided by § 46–5–16(F), N.M.S.A. 1953 (Supp.1975).

On August 27, 1975, Lewvanco reapplied for a rural dispenser's license and again posted the notice on the premises for the statutory length of time. A public hearing was set for December 22, 1975, and a hearing was held, at which no protestants appeared. On December 30, 1975, a rural dispenser's license was issued to Lewvanco.

Appellants appealed the issuance of this license to the district court pursuant to § 46–5–16(F), supra. Petitions appealing the director's action were filed in the District Courts of Otero and Santa Fe Counties. The Otero County District Court dismissed the cause of action for improper venue. This dismissal was appealed to this court, which affirmed the order of dismissal of the district court in a memorandum decision. *Runyan v. Jaramillo*, No. 10,883 (S.Ct. N.M. June 30, 1976).

In the District Court of Santa Fe County, the appellants' cause of action was also dismissed in an amended order of dismissal entered on January 24, 1977. In that order, the court (1) granted appellee Jaramillo's motion to dismiss for improper venue, (2) granted appellee Lewvanco's motion for summary judgment, (3) granted Lewvanco's amended motion to dismiss for lack of jurisdiction, lack of standing, and failure to state a claim for which relief could be granted, and (4) denied appellants' motion for summary judgment. It is from this order of the District Court of Santa Fe

County that Runyan and the other individually named and institutional appellants have appealed.

The first issue we consider is whether venue properly lies in Santa Fe County. We note that on appeal, appellee Jaramillo has abandoned the position he took in district court on the issue of venue, and now urges that venue does lie in the District Court of Santa Fe County. We hold that venue properly lies in Santa Fe County.

Section 21–5–1(G), N.M.S.A. 1953 (Repl. Vol. 4, 1970) provides:

G. Suits against any state officers as such shall be brought in the court of the county wherein their offices are located, at the capitol [capital] and not elsewhere.

In *Pollack v. Montoya*, 55 N.M. 390, 234 P.2d 336 (1951), we applied this statutory provision to the office of Chief of Division of Liquor Control.

There is another statute which is applicable in this case on the question of venue. Section 46–5–16(F), supra, provides in part:

F. Any person, firm or corporation aggrieved by any decision made by the chief of division as to the issuance or refusal to issue any additional license may appeal to the district court of jurisdiction by filing a petition therefor in the court within thirty [30] days from the date of the decision of the chief of division, . . .

This particular statute was amended in 1973 to substitute the language "district court of jurisdiction" for "district court of Santa Fe."

■ There is some ambiguity created by the two statutes and we therefore resort to a rule of statutory construction which imposes a duty on the court to consider all existing statutes relating to the same subject so that, if possible, all of the acts will be operative.

■ In *City Commission of Albuquerque v. State*, 75 N.M. 438, 444, 405 P.2d 924, 928 (1965), we held:

In interpreting a statute this court may presume that the legislature was informed as to existing law, and that the

legislature did not intend to enact a law inconsistent with any existing law or not in accord with common sense or sound reasoning. (Citations omitted.) *This court has the duty to construe acts so that all of the acts of the legislature will be operative.* (Emphasis added.)

Since § 21–5–1(G), supra, was in existence at the time the Legislature enacted § 46–5–16(F), supra, we must assume that the Legislature was aware of the prior statute and that the enactment of the later statute was intended to complement the earlier provision and not conflict with it. Applying this rule, we find that the "district court of jurisdiction" found in § 46–5–16(F), supra, means the District Court of Santa Fe County.

We next consider whether summary judgment in favor of Lewvanco was properly granted by the district court.

It appears that the motion for summary judgment filed by Lewvanco was based upon an affidavit by Mr. Ralph Telles, who was the hearing officer at the second hearing on the application for a dispenser's license. In his affidavit, Mr. Telles stated, among other things, that Lewvanco had fulfilled all of the statutory requirements for the issuance of the license.

■ The basic question is whether there were genuine issues of material fact presented to the trial court. Where such issues of material fact exist, a summary judgment cannot be granted under N.M.R. Civ.P. 56(c) [§ 21–1–1(56)(c), N.M.S.A. 1953 (Repl.Vol. 4, 1970)]. *Skarda v. Skarda*, 87 N.M. 497, 536 P.2d 257 (1975); *Goodman v. Brock*, 83 N.M. 789, 498 P.2d 676 (1972). A reading of the transcript reveals that there are several issues of material fact presented, including whether the distance between Runyan's bar in Mayhill and Lewvanco's site in Weed complies with the requirements of the statute and Department of Alcohol Beverages Control regulations, and whether the hearing officer complied with § 46–5–16(F), supra.

■ Therefore, we are of the opinion that summary judgment in favor of Lew-

vanco was not proper since the transcript reflects that there are genuine issues of material fact as shown by the pleadings, affidavits and evidence presented in the case.

Appellants claim that the district court erred in granting Lewvanco's motion to dismiss for lack of jurisdiction, lack of standing, and failure to state a claim for which relief could be granted.

■ With reference to the question of jurisdiction, we hold that the Santa Fe County District Court has jurisdiction over both the parties and the subject matter under § 46–5–16(F), supra.

To determine whether the appellants have standing to sue in the present case, we must decide whether they are "person[s], firm[s] or corporation[s] aggrieved" by a decision of the director who may appeal to the district court under § 46–5–16(F), supra.

In *Padilla v. Franklin*, 70 N.M. 243, 372 P.2d 820 (1962), this court considered the issue of who was an "aggrieved person" and entitled to review on appeal pursuant to § 46–5–16(F), supra. In that case, the review was sought by a person whose own application for a liquor license had been denied and who alleged that the Chief of Division of Liquor Control acted in excess of his jurisdiction in granting additional liquor licenses to parties other than the applicant. We held that under the facts in that case the appellant was not an aggrieved person under the statute, and stated:

> We conclude that the facts alleged by appellant give him no standing whatever to a review here of the actions of the chief. He asserts no rights other than as a member of the general public. Such is not contemplated by the statute. A person aggrieved must be a person having a direct interest, pecuniary or otherwise, one different from the public as a whole. (Citations omitted). 70 N.M. at 244, 372 P.2d at 821.

■ It is apparent from the standards set by this court in *Padilla v. Franklin*, supra, that the individual and institutional appel-

lants in the case at bar, except Runyan, have not set forth nor shown a direct or pecuniary interest in the matter in controversy to make them "aggrieved persons" and to entitle them to relief under § 46–5–16(F), supra. The interests of these individual and institutional appellants in the public health, safety and morals of a community are no different than the interests of the public as a whole, and this has been held by our court not to be a "direct interest" sufficient to give them standing under § 46–5–16(F), supra. *Padilla v. Franklin,* supra. Cf. *Eastham v. Public Employee's Retirement Ass'n Bd.*, 89 N.M. 399, 553 P.2d 679 (1976); *De Vargas Savings & L. Ass'n of Santa Fe v. Campbell,* 87 N.M. 469, 535 P.2d 1320 (1975); *Asplund v. Hannett,* 31 N.M. 641, 249 P. 1074 (1926).

■ Appellant Runyan, on the other hand, is the present owner of a liquor license which he claims is within the ten-mile limit which could prevent the issuance of a new license to Lewvanco. The granting of a liquor license to Lewvanco has a pecuniary effect on Runyan's business, and he therefore has a direct interest as distinguished from the public as a whole.

We hold that Appellant Runyan is an aggrieved person and may appeal, but that the other individual and institutional appellants are not aggrieved persons within the meaning of the statute and have no standing in court by way of a right to appeal the decision of the Chief of Division of Liquor Control.

■ In considering a motion to dismiss for failure to state a claim for which relief can be granted under N.M.R.Civ.P. 12(b)(6), supra, all facts well pleaded must be accepted as true, and the motion may be granted only when it appears the plaintiff cannot be entitled to relief under any state of facts provable under the claim. *Jones v. International Union of Operating Engineers,* 72 N.M. 322, 383 P.2d 571 (1963). In the present case, assuming as we must that the facts pleaded are true, appellant may be entitled to relief under §§ 46–5–1 to 28, supra. Moreover, N.M.R.Civ.P. 12(b), supra, also provides that if matters outside

the pleadings are presented to the court under such a motion, as occurred in the instant case, it shall be treated as one for summary judgment. As we stated above, the granting of Lewvanco's motion for summary judgment was improper, as was the granting of the motion for failure to state a claim for which relief can be granted was error.

In their final point, appellants contend the trial court erred in denying their motion for summary judgment. This motion was supported by an affidavit of Mr. Quinton E. Daniel, a registered professional engineer, in which he stated, among other things, that the computed distance between the Mayhill Bar and Lewvanco's bar in Weed is 5.99 miles in a straight line. In view of our holding that genuine issues of material fact exist, we hold that the district court's denial of appellants' motion for summary judgment was proper.

The case is remanded to the district court for further proceedings in accordance with this opinion.

IT IS SO ORDERED.

SOSA and PAYNE, JJ., concur.