615 P.2d 982

Henry M. JACOBS, Jr., Petitioner,

v.

E. Wayne STRATTON, Charles W. Meister, Gail Shannon and Derrell W. Bulls, Respondents.

No. 12747.

Supreme Court of New Mexico.

Aug. 20, 1980.

Jones, Gallegos, Snead & Wertheim, Jerry Wertheim, Steven L. Tucker, Santa Fe, for petitioner.

Sutin, Thayer & Browne, Irwin S. Moise, Raymond W. Schowers, Albuquerque, for respondents.

White, Koch, Kelly & McCarthy, C. Emery Cuddy, Jr., Santa Fe, Rodey, Dickason, Sloan, Akin & Robb, William B. Dixon; John P. Salazar, Albuquerque, William B. Darden, Las Cruces, Arturo G. Ortega, Albuquerque, Hilton A. Dickson, Silver City, for amici curiae.

## OPINION

SOSA, Chief Justice.

This suit was brought in state court under 42 U.S.C. § 1983 (1976). The judgment of the trial court was appealed to the Court of Appeals. This Court granted certiorari.

Jacobs, plaintiff in this case, was an assistant professor in the College of Business at Eastern New Mexico University for the academic years between 1970 and 1975. He did not have tenure, but was employed by virtue of year to year contracts. During those years he published a series of articles in the student and local newspapers which were critical of the administration of the University and engaged in other speech activities. On November 27, 1974, Jacobs was notified that his present contract might not be renewed, pending the outcome of a conciliatory session between himself and defendants Meister (as President), and Bulls (as Dean). Jacobs attended the conciliatory session and had counsel present. The procedure was allegedly in accordance with the procedures prescribed by the faculty handbook. Soon after the session, Jacobs was notified that his contract would not be renewed. Jacobs then appealed the decision to the Board of Regents, which could grant or deny the appeal in its discretion. The Board of Regents held a de novo hearing, after which it too decided not to renew Jacobs' contract. The Board was composed of five members, four of whom participated in the unanimous decision not to renew the contract. The participating Regents were defendants Brainerd, McAlister, Ratliff and Stratton.

Jacobs brought this action in Sante Fe County District Court against the Board of Regents of Eastern New Mexico University qua Board, its members as individuals, the former President, the former Vice President for Academic Affairs and the Dean of the College of Business. He sought damages for the non-renewal of his employment contract, basing his claim upon an alleged

deprivation of rights under the First Amendment and a deprivation of due process and equal protection under the Fourteenth Amendment in violation of 42 U.S.C. § 1983.

Prior to trial, the court granted two motions for summary judgment, one in favor of the Board and one in favor of all the Regents who participated in the decision not to renew the contract except for Stratton. Orders on the summary judgments were never entered. After trial, the jury returned a verdict for Jacobs in the amount of $80,000.00. The court entered a judgment in that sum against Regent Stratton, President Meister, Vice President Shanon and Dean Bulls.

On appeal, the Court of Appeals reversed. We granted certiorari. Although we too reverse the trial court, we do so for different reasons than the Court of Appeals, and remand the case for a new trial.

■ The first issue we consider is whether venue is proper in Sante Fe County District Court. Defendants timely moved the trial court to dismiss this action on the grounds that venue in Sante Fe County was improper. They relied upon Section 38–3–1(G), N.M.S.A.1978, which provides that:

G. suits against any state officers as such shall be brought in the court of the county wherein their offices are located, at the capitol [capital] and not elsewhere.

Defendants argue that this statute requires that suits against state officers be brought only in the county where their offices are located. We disagree. Suits against state officers may be brought in Santa Fe County, where the capital is located. *See Jones v. New Mexico State Highway Department*, 92 N.M. 671, 593 P.2d 1074 (1979).

■ The second issue we consider is whether the jury instructions properly set forth the law. It is clear that even though Jacobs could be discharged for no reason whatever, or for a variety of reasons, he may nonetheless state a claim under § 1983 if the decision not to renew his contract was based on his exercise of constitutionally protected First Amendment freedoms. *Perry v. Sindermann*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972).

■ It is also clear that Jacobs had a constitutional right to have the procedures followed which were set out in the faculty handbook, because these procedures gave him an entitlement. *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

■ The burdens on the parties in this type of case were set out in *Mt. Healthy City Board of Ed. v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). The plaintiff has the dual burden of showing that his conduct was constitutionally protected and that this conduct was a motivating factor in the Board's decision. The defendant has the burden of showing that it would have reached the same decision in the absence of the protected conduct.

■ The reversible error upon which we base our decision is that the jury was never adequately instructed on the law defining protected conduct, though the court was adequately alerted to the need for such an instruction.

In *Pickering v. Board of Education*, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968) the Supreme Court stated:

[I]t cannot be gainsaid that the State has interests as an employer in regulating the speech of its employees that differ significantly from those it possesses in connection with regulation of the speech of the citizenry in general. The problem in any case is to arrive at a balance between the interests of the teacher, as a citizen, in commenting upon matters of public concern and the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees. *Id.* at 568, 88 S.Ct. at 1735.

■ An instruction must be given to the jury on the balancing test set forth in *Pickering*, that is, between the interests of the plaintiff as a citizen and commenting upon matters of public concern and the interest of the defendants in promoting the efficien-

cy of the public services it performs through its employees. This is to be determined from an analysis of whether Jacob's statements were directed at persons with whom he would normally be in day to day contact so as to impair a close working relationship; whether the statements were detrimental only to the interests of the administration rather than the school itself; and whether the statements were directed towards matters of legitimate public concern upon which any citizen must be allowed to comment. *Id.* at 569–75, 88 S.Ct. at 1735–1738.

The defendant, in his cross appeal, raises the issue of whether the trial court properly refused to award attorney's fees. The Civil Rights Attorney's Fees Awards Act of 1976 states:

> In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title . . . , the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

42 U.S.C. § 1988 (1976).

 The standard of discretion for cases involving injunctive relief is that a prevailing plaintiff should ordinarily receive attorney's fees absent "special circumstances." *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968); *see* House Judiciary Committee Report, H.Rep.No.94–1558, 94th Cong. 2d Sess. (1976) (giving approval to *Newman* standard). The same standard has been held applicable in damage actions. *Sargeant v. Sharp*, 579 F.2d 645 (1st Cir. 1978), *but see Zarcone v. Perry*, 581 F.2d 1039 (2d Cir. 1978). We agree with that approach. *See* Comment, *Attorney's Fees in Damage Actions Under the Civil Rights Attorney's Fees Awards Act of 1976*, 47 U. of Chicago L.Rev. 332 (1980). On remand, should the plaintiff prevail, the trial court should award attorney's fees unless special circumstances exist. *See Bacica v. Board of Ed. of Sch. Dist. Etc.*, 451 F.Supp. 882, 889 (1978).

We do not decide other issues raised by the parties because they are not necessary to our disposition of this case and the trial court may rule differently on those issues on remand.

This case is remanded for proceedings consistent with this opinion.

EASLEY, PAYNE, FEDERICI and FELTER, JJ., concur.