748 P.2d 511

James GRAFF, Plaintiff–Appellant,

v.

Robert E. GLENNEN, and the Board of Regents of Western New Mexico University, Defendants–Appellees.

No. 16866.

Supreme Court of New Mexico.

Jan. 19, 1988.

J. Wayne Woodbury, Silver City, for plaintiff-appellant.

Shaffer, Butt, Thornton & Baehr, P.C., Karen C. Kennedy, Albuquerque, for defendants-appellees.

## OPINION

WALTERS, Justice.

Plaintiff James Graff appeals the trial court's grant of summary judgment in favor of defendants on Graff's complaint for breach of employment contract and violation of civil rights.

Graff principally asserts that the trial court erred when it construed the University's motion to dismiss as a motion for summary judgment. When considering a 12(b)(6) motion to dismiss, however, if matters outside the pleadings are presented to the trial court under such motion, it shall be treated as a motion for summary judgment. SCRA 1986, 1–012B(7); *Runyan v. Jaramillo*, 90 N.M. 629, 632–33, 567 P.2d 478, 481–82 (1977); *Hern v. Crist*, 105 N.M. 645, 648, 735 P.2d 1151, 1154 (Ct.App.), *cert. denied*, 105 N.M. 644, 735 P.2d 1150 (1987). In addition to reviewing Graff's first amended complaint and the University's motion for summary judgment, the trial court considered the Staff Handbook and the Faculty Handbook for Western New Mexico University, and the Board of Regent's Policy Manual. The standard of review, therefore, is whether there exists a genuine issue of material fact, *Koenig v. Perez*, 104 N.M. 664, 666, 726 P.2d 341, 343 (1986), instead of accepting all well-pleaded facts as true and ascertaining whether the plaintiff is entitled to relief on the pleadings. *Runyan*, 90 N.M. at 632, 567 P.2d at 481.

No genuine issue of material fact exists to support a judgment in Graff's favor. The unequivocal language in correspondence to Graff and in his employment contracts unmistakably represents a year-by- year employment relationship that did not entitle Graff to employment with WNMU beyond the dates stipulated in the contracts. Graff entered into four such agreements with WNMU for four successive years. Each contract was captioned "Temporary Appointment." The last two contracts contained the clause: "Administrators serve at the pleasure of the President." The University, then, did not

breach Graff's employment contract; it simply refused to renew any employment arrangement.

■ Regardless of Graff's unilateral expectations concerning his future with WNMU, he possessed no legitimate entitlement to employment at the University. *See Board of Regents v. Roth*, 408 U.S. 564, 577–78, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). Graff, therefore, was not deprived of a "property right" and has no claim under 42 U.S.C. Section 1983 (1982). Unlike *Jacobs v. Stratton*, 94 N.M. 665, 615 P.2d 982 (1980), in which procedures set forth in a faculty handbook constituted an entitlement to the plaintiff, no termination procedures are applicable in this case. The University did not fire Graff; it eliminated his position as business manager/bursar. Graff has no valid legal entitlement to the renewal of his employment contract. He does not have a property interest sufficient to require University officials to afford him a hearing to review his discharge. *See Roth*, 408 U.S. at 578, 92 S.Ct. at 2710.

Accordingly, because the University is entitled to judgment as a matter of law, we affirm the trial court's entry of summary judgment in favor of the University.

SOSA, Senior Justice, and STOWERS, J., concur.