755 P.2d 595

**HOTELS OF DISTINCTION WEST, INC., Plaintiff-Appellant,**

v.

**CITY OF ALBUQUERQUE, Defendant-Appellee.**

**No. 17564.**

Supreme Court of New Mexico.

June 3, 1988.

Grisham, Lawless & Earl, Thomas L. Grisham, Albuquerque, for plaintiff-appellant.

James H. Foley, City Atty., Edward R. Pearson, Asst. City Atty., Civerolo, Hansen & Wolf, Richard C. Civerolo, James J. Widland, Albuquerque, for defendant-appellee.

## OPINION

SCARBOROUGH, Chief Justice.

Hotels of Distinction brought a declaratory judgment action against the City of Albuquerque seeking to have a development agreement between the City and Albuquerque Plaza Partners declared unconstitutional, violative of city ordinances, and improperly enacted. Summary judgment was entered in favor of the City, and Hotels appeals. We affirm.

The agreement in question was executed for the purpose of adding a first-class hotel to the Albuquerque Convention Center. Pursuant to the agreement, the Partners will construct the hotel, partially using funds received by the City from a federal Urban Development Action Grant (UDAG), which will be repaid by the Partners to the City. The grant allows the City to retain the funds provided the City utilizes the money for housing and community development activities as specified by federal guidelines associated with the grant. Additionally, the partners have authority under the agreement to select a hotel operator from a group of four national hoteliers. The selected operator then will have the right to operate a concession at the hotel in return for paying royalties to the City, and

will have the right to use the Convention Center on a limited basis for promotional activities at no charge.

Both parties moved for summary judgment. The trial court granted judgment for the City. The issue before this Court is whether there were genuine issues of material fact regarding:

(1) whether the agreement between the City and the Partners violates the New Mexico Constitution;

(2) whether the agreement violates certain City of Albuquerque ordinances; and,

(3) whether City Resolution 77–1987 and the subsequent agreement at issue here are void because notice of final consideration was not published. We hold that the trial court was correct in granting summary judgment on all issues.

■ Hotels' first issue is that the agreement violates article IX, section 14, and article IV, section 32 of the New Mexico Constitution. Article IX, section 14, also known as the antidonation clause, has been construed by this Court to prohibit a municipality from aiding non-governmental enterprises. *See State ex rel. City of Albuquerque v. Lavender*, 69 N.M. 220, 365 P.2d 652 (1961); *State ex rel. Mechem v. Hannah*, 63 N.M. 110, 314 P.2d 714 (1957). However, contracts between municipalities and private enterprises that are beneficial to the community as a whole are not violative of article IX, section 14, when they do not involve municipal investment in the project through the lending of municipal funds. *See State ex rel. State Park & Recreation Comm'n v. New Mexico State Authority*, 76 N.M. 1, 411 P.2d 984 (1966); *Village of Deming v. Hosdreg Co.*, 62 N.M. 18, 303 P.2d 920 (1956).

■ This project is funded with ten million dollars in federal funds, approximately eighty-two million dollars in private funds and real estate, and three million dollars in public improvements to be constructed by the City. With regard to the federal contribution, Hotels argues that the City's channeling of federal funds to the project violates the antidonation clause. We do not agree. The antidonation clause prohibits the City to lend or pledge general municipal funds. Here, the City of Albuquerque is to receive ten million federal dollars for the express purpose of contracting for urban development in Albuquerque. The channeling of federal funds through the City does not violate the antidonation clause. Until the contractor commences repayment, those moneys do not become City funds. The trial court was correct in granting summary judgment on this issue for the City.

The UDAG agreement provides that all federal money channeled through the City to the Partners shall be repaid to the City. The agreement between the City and the Partners allows the Partners to use the federal grant money without interest and with no obligation to repay for six years. Hotels argues that the payback agreement violates article IV, section 32 of the New Mexico Constitution. Insofar as may be applicable, that section provides that the payment of any debt owed or owing by any party to a municipality cannot be delayed or postponed by the legislature. It is apparent on its face that the asserted constitutional prohibition has no bearing whatever on this matter. No action by the legislature has occurred with respect to this project, and none is necessary or anticipated. The trial court correctly granted summary judgment on this issue.

■ With regard to the City contribution to the project, Hotels argues that the three million dollars in public improvements violates the antidonation clause because at least a portion of the City's money is dedicated to the construction of improvements on the private property of the Partners. The antidonation clause clearly proscribes the lending of public funds for private purposes. The City's attorney admitted in open court, however, that its share of the project funds will be dedicated only to the construction of public improvements on public property. The antidonation clause is not violated by an expenditure of municipal funds for public purposes on public property. Therefore, we conclude the court was correct in granting summary judgment on this issue.

■ Hotels' next issue is that the agreement violates several provisions of Albuquerque's ordinances. Hotels asserts that the City's initial request for bids on the project did not contain language that reflected the City's affirmative action policy, as contained in Revised Ordinances of Albuquerque 1974, Sections 5–2–1, 6 & 7. The cited sections ensure that the City will impose a duty upon contractors to solicit bids from construction firms owned by minorities and women. Hotels is not a minority- or women-owned enterprise and has no standing to raise this issue. The existing law on standing was set forth by our Court in *DeVargas Savings & Loan Association of Santa Fe v. Campbell,* 87 N.M. 469, 535 P.2d 1320 (1975). There, we held that "to attain standing in a suit arguing the unlawfulness of governmental action, the complainant must allege that he is *injured in fact* or is *imminently threatened with injury, economically or otherwise.*" *Id.* at 473, 535 P.2d 1324 (emphasis added). Here, Hotels has not argued that it was injured in fact by the City's failure to include the affirmative action mandate in its request for proposals, nor has Hotels shown how inclusion would have avoided imminent threat to Hotels with economic or other injury. *See Runyan v. Jaramillo,* 90 N.M. 629, 632, 567 P.2d 478, 481 (1977). Hotels' nexus of a personal stake in the outcome of the controversy is missing. *State ex rel. Overton v. New Mexico State Tax Comm'n,* 81 N.M. 28, 33, 462 P.2d 613, 618 (1969). On the standing issue alone, summary judgment on the issue sought to be raised was correct.

The agreement provides that the hotelier selected by the Partners will have the right to operate a concession at the hotel. Hotels asserts that this provision of the agreement violates Revised Ordinances of Albuquerque 1974, Section 5–18–15, which requires that all City purchases be approved by the City's Chief Administrative Officer. Concession contracts are exempt from Section 5–18–15 by reason of the express provisions of Section 5–8–17(O). The court was correct in granting summary judgment on this issue.

■ Hotels' last issue is that they did not receive legal notice of the meeting at which Plaza Partners was selected as the project developer. Hotels' claim is based on the City's alleged violation of NMSA 1978, Section 3–17–3 (Repl.Pamp.1985), which requires notice by publication of any ordinance proposed for adoption by the City at least two weeks prior to such adoption. Hotels argues that City Resolution No. 289, which designated Plaza Partners as the project developer, was not published in accordance with Section 3–17–3. The City was not required to provide notice by publication of the proposed adoption of Resolution 289 because Section 3–17–3 applies only to ordinances and not to resolutions. Moreover, Hotels' representatives were present at the July 20, 1987 meeting at which the City adopted Resolution 289 and cannot complain about the lack of notice. Summary judgment on this issue was appropriate.

Because we find Hotels' arguments without merit, we hold the trial court was correct in entering summary judgment on behalf of the City. We therefore affirm the judgment of the trial court in its entirety.

IT IS SO ORDERED.

SOSA, Senior J., and WALTERS, J., concur.